IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-01840-STV

VINCENT DAMON DITIRRO

      Plaintiff,

v.

MATTHEW J. SANDO, Trooper,
CALEB SIMON, Trooper,
COLORADO STATE PATROL,
COMMERCE CITY POLICE DEPARTMENT,
ADAMS COUNTY SHERIFF'S DEPARTMENT,
DOE DEFENDANTS (Individual 1-10), and
DOE DEFENDANTS (State/Local Agency 11-20),

      Defendants.

---

**DEFENDANT COMMERCE CITY POLICE DEPARTMENT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY
TRIAL (ECF 1) PURSUANT TO FED. R. CIV. P. 12(b)(5)**

---

Defendant, Commerce City Police Department[1] ("CCPD"), by Jonathan M. Abramson, Esq. and Yulia Nikolaevskaya, Esq. of Kissinger & Fellman, P.C., hereby submits its Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial (ECF 1) Pursuant to Fed. R. Civ. P. 12(b)(5), as follows:

---

[1] See discussion below in Section I. - Proper Party to Litigation.

**COMPLIANCE WITH D.C.COLO.LCivR 7.1
AND CIVIL PRACTICE STANDARDS OF
MAGISTRATE JUDGE SCOTT T. VARHOLAK (Revised August 25, 2020)**

Pursuant to D.C.COLO.LCivR an exception to the duty to confer includes "(2) a motion under Fed. R. Civ. P. 12; …". D.C.COLO.LCivR 7.1(b)(2). However, pursuant to the Civil Practice Standards of Magistrate Judge Scott T. Varholak (Revised August 25, 2020) at Section V. Motions Practice, *Motions to Dismiss*, "[T]he parties **must confer** prior to the filing of any motion where the alleged deficiency is correctable by amendment …".

This motion addresses deficiency in service, which cannot be corrected by amendment. Accordingly, conferral is not required. As discussed below, counsel for the City did attempt to confer with Plaintiff's counsel regarding service of the lawsuit. Plaintiff's counsel did not respond to counsel's emails. Instead, as discussed herein, Plaintiff has not properly served the City.

## I.     PROPER PARTY TO LITIGATION

As an initial matter, the Commerce City Police Department is not an entity that could be sued. The proper party at interest in this matter is the City of Commerce City. *See Martinez v. Winner*, 771 F.2d 424, (10th Cir 1985) (dismissing the Denver Police Department because it is not a separate suable entity and dismissing the complaint as to it while maintaining the City as a defendant). As such, the Defendant City requests the case caption be amended to identify the City of Commerce City ("the City") as the proper defendant.

## II.     INTRODUCTION

This case involves claims that have already been resolved by both federal and state courts. Attorneys' fees that have been awarded to defendants. There is an unresolved appeal still pending

in the appellate court of the state of Colorado. The claims asserted in this lawsuit have been previously decided. Any new attempted claims are time barred. For unknown reasons, Plaintiff refuses to accept the dismissal of his claims and is forcing the City to incur additional expenditures of public funds to address the re-filing of a lawsuit which has been dismissed. Before the City can address any of the substantive issues, the Plaintiff must first serve the City with this lawsuit. This motion is limited because until the Plaintiff serves the City of Commerce City, the Court has no jurisdiction over it to address the City's additional arguments related to the re-filing of this previously dismissed frivolous lawsuit. The City files this limited Motion in an attempt to limit the further expenditure of public funds to defend this previously dismissed lawsuit. In the event the Court determines the City was properly served and the Court allows this lawsuit to move forward, the City will be addressing the substantive deficiencies of Plaintiff's re-filed Complaint in a Motion to Dismiss, in much the same way it did previously, but with the added benefit of additional basis founded in estoppel.

### III.  PROCEDURAL POSTURE OF THE CASE LITIGATION

Plaintiff filed his original Complaint and Jury Demand ("Complaint") in Adams County District Court, State of Colorado on August 6, 2020, naming CCPD, among others, as a Defendant. The original Complaint filed in Adams County District Court alleged civil rights violations pursuant to 42 U.S.C. §1983 and under C.R.S. §13-21-131 (2020), resulting from an event that occurred in August of 2018. On November 17, 2020, based upon the assertion of Federal claims, CCPD removed the case to the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. §1441. *See Case No. 20-cv-03412-RM-NRN*.

On December 1, 2020, CCPD filed its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and asserted that Plaintiff's Complaint failed to state a claim against CCPD upon which relief may be granted. *See Case No. 20-cv-03412-RM-NRN*, ECF 14, Exhibit A. CCPD argued that Plaintiff's Complaint contained no factual allegations supporting any claims against CCPD as neither of the named troopers was employed by CCPD. Exhibit A, pp. 4-6. Prior to filing of said Motion to Dismiss, CCPD communicated via email with Plaintiff's counsel conferring as to deficiency issues in Plaintiff's original Complaint.

Instead of responding to CCPD's Motion to Dismiss, on December 7, 2020, Plaintiff filed a Motion to Amend (*Case No. 20-cv-03412-RM-NRN*, ECF 18, Exhibit B) and Motion to Remand (*Case No. 20-cv-03412-RM-NRN*, ECF 19, Exhibit C). In his Motion to Amend, Plaintiff specifically asked the Federal Court to allow him to amend the Complaint, remove all Federal Causes of Action to deprive the Federal Court of subject matter jurisdiction and remand the case back to State Court. See Exhibit B, ¶3. In his Motion to Remand, Plaintiff specifically argued that he wanted the Federal Court to remand this matter back to State Court. Ex. C, p. 1. Plaintiff told the Federal Court that his Motion to remand should be granted because his new Amended Complaint did not allege any claims under Section 1983 or under the United States Constitution. Ex. C, ¶3. On December 8, 2020, Plaintiff filed a copy of the redlined Amended Complaint specifically striking all references to Federal claims, Section 1983 or the United States Constitution. *Case No. 20-cv-03412-RM-NRN*, ECF 20, Exhibit D.

On December 10, 2020, Plaintiff filed his Response to CCPD's Motion to Dismiss. *Case No. 20-cv-03412-RM-NRN*, ECF 23, Exhibit E. In his Response, Plaintiff reiterated his desire to

4

remove all Federal claims from his operative Complaint. *Case No. 20-cv-03412-RM-NRN*, ECF 23, Exhibit E.

The Court ordered that Plaintiff's Amended Complaint was the operative complaint. On January 4, 2021, after full briefing of Plaintiff's Motion to Remand, the U.S. District Court remanded the within action to Adams County District Court. *See Case No. 20-cv-03412-RM-NRN*, ECF 30, Ex. F. The Federal Court found that the remand was warranted because Plaintiff dropped all Section 1983 claims from his Amended Complaint. Ex. F, p. 2.

Plaintiff then failed to file a copy of the operative Complaint as required by the Adams County District Court and on January 25, 2021, CCPD filed its Motion for Clarification which then prompted Plaintiff's filing of the operative Complaint (the "First Amended Complaint") in the Adams County Court. In response, CCPD filed a Motion to Dismiss Plaintiff's First Amended Complaint on February 8, 2021. In its Motion CCPD argued that Plaintiff's operative Complaint was 1) factually and legally deficient as it did not contain facts to support CCPD's involvement in the incident at issue; and 2) that Plaintiff's operative Complaint fails legally to allege liability under C.R.S ¶13-21-131. *See* Exhibit G, pp. 1-12. The Motion to Dismiss additionally requested attorneys' fees and costs.

Plaintiff responded and, among other arguments, argued that he should be able to amend his Complaint yet again. *See* Exhibit H, p. 4.

On February 26, 2021, the Adams County District Court ("District Court") issued its Order dismissing CCPD, with prejudice, for Plaintiff's failure to state a claim upon which the Court could grant relief. See Exhibit I, pp. 9-11. The District Court denied, yet again, Plaintiff's request to

amend his operative Complaint. *See* Exhibit I, pp. 8-9. The District Court stated that any attempt by Plaintiff to amend his operative Complaint would be <u>futile</u> because 1) claims against CCPD under C.R.S 13-21-131 fail as a matter of law; 2) amendment would be futile as no amount of additional factual allegations can change that; and 3) Plaintiff had more than enough time to investigate other potential claims and add them to the operative Complaint. Ex. I, p. 9. The Order additionally awarded CCPD its attorneys' fees and costs under C.R.S. § 13-17-201 and Colo. R. Civ. P. 54(d). CCPD was awarded $30,374.50 against Plaintiff and currently has an unfulfilled judgment against Plaintiff.

On March 20, 2021, Plaintiff filed another Motion to Amend the 1st Amended Complaint asking the District Court, again, to amend his Complaint. This request came after Plaintiff's first request to amend had been specifically denied by the District Court. *See* Exhibit J. Plaintiff stated that he wanted to "invoke his Federal rights," file a new amended Complaint and "file a Notice of Removal to Federal Court." Ex. J, p. 2. This representation was made despite the fact that 28 U.S.C. § 1441 does not authorize a <u>plaintiff</u> to remove their own case to federal court. The District Court denied Plaintiff's request to amend his operative Complaint and to add federal causes of action. *See* Exhibit K. The District Court stated that Plaintiff "affirmatively chose to forgo his federal-law claims - *the very same claims he now wants to revive and reassert in federal court* – and litigate only his state-law claims in state court." Ex. K, pp. 4-5. In denying Plaintiff's Motion, the District Court found, "Plaintiff's change of position on his federal-law claim [……] [is]dilatory at best, possible bad faith at worst." Ex. K, p. 5.

Plaintiff appealed the Adams County District Court's dismissal, and this appeal is currently

pending before the State of Colorado Court of Appeals under Case No. 2021CA739. CCPD has also requested an award of legal fees upon the Appellate Court's ruling on Plaintiff's appeal in this case.

The within action was filed in July of 2021. Plaintiff did not attempt to serve the City with this lawsuit until February of 2022. Plaintiff had knowledge that the City was represented in this matter by undersigned counsel based on the ongoing State court activities. Plaintiff never reached out to notify the undersigned or request a waiver of service.

The City learned of this re-filed case when it was notified by counsel from the Attorney General's Office. Undersigned counsel was made aware that Plaintiff's counsel ("Ms. Pirzadeh") may have informed this Court that service of process had been accomplished on CCPD. Pursuant to the information received from the Attorney General's Office, undersigned counsel reached out to Ms. Pirzadeh via two separate emails requesting proof of service. Ms. Pirzadeh has never responded to undersigned counsel. Instead of contacting counsel regarding service, as discussed below, Plaintiff's counsel attempted serviced improperly on the City.  Plaintiff never requested the City waive service.

## IV.   APPLICABLE CASE LAW

"Effectuation of service is a precondition to suit. . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of proper service, the Court lacks jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). A Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint. *Watts v. Koskinen*, 2014 U.S. Dist. LEXIS 163171, *5, 114 A.F.T.R.2d (RIA) 2014-6691, 2014

WL 6617187.

Rule 4(j)(2) prescribes the appropriate methods to serve a state or other unit of local government. A plaintiff must serve such a local governmental unit by: (A) delivering a copy of the summons and complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2).

Under Colorado Rule 4(e)(6), personal service upon a municipal corporation is only accomplished "by delivering a copy thereof to the mayor, city manager, clerk, or deputy clerk." *See* Colo. R. Civ. P. 4(e)(6). Additionally, service upon a municipal corporation can also be accomplished "by delivering a copy to any designee authorized to accept service of process for such entity or person, or by delivery to a person authorized by appointment or law to receive service of process for such entity or person." *See* Colo. R. Civ. P. 4(e)(11).

## V.     ARGUMENT

As discussed above, CCPD is not a suable entity. The only suable entity is the City. The City has not been served. First, Plaintiff attempted service incorrectly by attempting to serve the "Police department" instead of serving the City. ECF 20-1, p. 1. The fact that Plaintiff's attempted service was improper is also supported by the Affidavit of Kiana Jodell ("Ms. Jodell") who interacted with Plaintiff's process server. *See* Exhibit L. Ms. Jodell specifically attested that she works as an Executive Administrative Supervisor for the Commerce City Police Department. Ex. L, p. 1.

Second, even when Plaintiff attempted service, Plaintiff failed to effectuate service on anyone who was actually authorized to accept service. According to Affidavit of Service (ECF 20) recently filed by Plaintiff in this case, Plaintiff claims to have served the City by leaving the "Subpoena to the Witness in Commerce City" with "the person's usual place of abode or workplace." ECF 20, p. 1. Moreover, Plaintiff also attested that on February 11, 2022, their process server arrived at the Commerce City Civic Center and proceeded to the "Police department." ECF 20-1, p. 1. There, the same process server attempted to hand the "folder with all the documents" to the "different lady." *Id*. The Affidavit does not provide the name of the person, nor does it state that the "different lady" was the mayor, city manager, clerk, deputy clerk, or anyone who was authorized to accept service of process on behalf of the City. *See* ECF 20-1, p. 1.

At the time when service was attempted, Ms. Jodell specifically informed Plaintiff's process server that she did not recognize the names listed on the "subpoena," that the subpoena was not signed or dated by the Court Clerk, and that she cannot accept the subpoena. Ex. L, ¶¶ 7, 8, 9, 11. Ms. Jodell is not authorized to accept service on behalf of the City. Only the Mayor, City Manager, City Clerk or Deputy Clerk, are authorized to accept service for the City. Ms. Jodell is none of these. Ms. Jodell also informed the Plaintiff's server that even if the subpoena was left on the building's counter, it would remain on the building's counter and would not be accepted. Ex. L, ¶¶13, 14, 16.

Plaintiff's Affidavit supports and corroborates what Ms. Jodell stated in her Affidavit. Plaintiff's Affidavit states that the process server was specifically told that the person they were attempting to serve was not authorized to accept the service on behalf of the City. ECF 20-1, p. 1.

9

Moreover, Plaintiff's server was specifically told that the documents would not be accepted and were left on the public counter by Plaintiff's process server. ECF 20-1, p. 1.

Thus, the Affidavit of Ms. Jodell and Plaintiff's "Affidavit of Service" filed with this Court clearly indicate that Plaintiff failed to sufficiently accomplish service of process on a person authorized by law to accept service on behalf of the City of Commerce City. None of the named "authorized to receive" service designees are named or listed on Plaintiff's Affidavit. *See* ECF 20 and 20-1. Instead of properly serving the City through the Commerce City mayor, city manager, clerk, deputy clerk or agent designated to accept service (or even by mail accompanied by a waiver), Plaintiff's process server chose to hand the documents over to an unknown "lady" who clearly indicated to the process server that she was not authorized to accept service of process on behalf of the City. Therefore, based on Plaintiff's Affidavit of Service filed in this case, Plaintiff failed to properly serve the City and the City's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(5) for lack of service should be granted.

Dated: March 3, 2022                                      KISSINGER & FELLMAN, P.C.
                                                          *s/ Jonathan M. Abramson*
                                                          Jonathan M. Abramson
                                                          Yulia Nikolaevskaya
                                                          3773 Cherry Creek North Drive, Suite 900
                                                          Denver, Colorado 80209
                                                          Phone: 303-320-6100 Fax: 303-327-8601
                                                          Email: jonathan@kandf.com
                                                                 julie@kandf.com
                                                          *Attorneys for Defendant Commerce City Police Department*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jean Pirzadeh, Esq. [jean@ccd-c.com]
*ATTORNEY FOR PLAINTIFF*

Allison R. Ailer, Esq. [Allison.ailer@coag.gov]
*ATTORNEY FOR DEFENDANTS SANDO, SIMON AND COLORADO STATE PATROL*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:  **N/A**

                                                  *s/ Elizabeth Jackson*
                                                  Elizabeth Jackson, Paralegal
                                                  KISSINGER & FELLMAN, P.C.