IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action:**

**VINCENT DAMON DITIRRO,**

    **Plaintiff,**

Vs.

**MATTHEW J. SANDO, TROOPER, CALEB SIMON, TROOPER, COLORADO STATE PATROL, CITY OF COMMERCE CITY, ADAMS COUNTY SHERIFF Richard A. Reigenborn, in his official capacity, DOE DEFENDANTS INDIVIDUAL 1 TO 10, DOE DEFENDANTS AGENCY OF THE COLORADO STATE OR LOCAL GOVERNMENTS 11-20.**

    **Defendants.**

---

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

---

    **COMES NOW** Vincent Damon Ditirro (hereinafter "Ditirro") by and through his Counsels, Jean Pirzadeh Esq. and Don Martin, Esq., in the above captioned manner, and respectfully alleges the following COMPLAINT AND DEMAND FOR JURY TRIAL against, Matthew J. Sando, Trooper, Caleb Simon, Trooper, Colorado State Patrol, City of Commerce City, Adams County Sheriff, Richard A. Reigenborn, in his official capacity, Doe Defendants Individual 1 to 10, Doe Defendants Agency of the Colorado State or local Governments 11-20 as follows:

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 and Colorado Revised Statutes 13-21-131 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3) and under Colorado Revised Statutes 13-21-131. Plaintiff Vincent Damon Ditirro seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Vincent Damon Ditirro's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure..

2. This civil action is now independently permitted by Colorado Revised Statute 13-21-131 and the Plaintiff makes the same exact claims under this Colorado Revised Statute.

1

3. The United States District of Colorado is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred. This matter arises under the laws of the United States and this Court has jurisdiction thereof. The amount of damage is over $75,000.00.

## II. PLAINTIFF

4. Plaintiff Vincent Damon Ditirro, is and was at all times mentioned a resident of Colorado within the District of this Court.

## III. DEFENDANTS

5. Defendant Matthew J. Sando is a trooper with the Colorado State Patrol. He is legally responsible for the operation of enforcing the Criminal law within the State of Colorado. Defendant Matthew J. Sando at all times was working for and under the direction of Colorado State Patrol as agent for and agent of Defendant Colorado State Patrol.

6. Defendant Caleb Simon is a trooper with the Colorado State Patrol. He is legally responsible for the operation of enforcing the Criminal law within the State of Colorado. Defendant Caleb Simon at all times was working for and under the direction of Colorado State Patrol as agent for and agent of Defendant Colorado State Patrol.

7. Defendant Colorado State Patrol is a governmental agency of the State of Colorado for enforcing the Criminal Law. Defendant Commerce City is a governmental agency of the State of Colorado for enforcing the Criminal Law Defendant.  Defendant Adam is a governmental agency of the State of Colorado for enforcing the Criminal Law .

8. Each Doe Defendant whether individual or Agency is presently known but when such Defendants become known this Complaint will be amended to add each Defendant.

9. Each Defendant is sued individually and in his official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law. Each Defendant and Doe Defendant, Individual Defendant, or Agency Defendant were and are at all times the agent and principal of each and every Defendant whether Individual, Doe or Agency Defendant.

## IV. FACTS

10. On August 7, 2018 under color of law Defendant Matthew J. Sando and Defendant Caleb Simon stopped the Plaintiff on the alleged basis of Driving under the Influence of Alcohol. At the time of the stop the Plaintiff was asked to perform a roadside test. The Plaintiff complied. The Defendant Matthew J. Sando and Defendant Caleb Simon abruptly stopped the tests and asked the Plaintiff to put his hands behind his back. The Plaintiff tried to put his hands back but then without warning, Defendant Matthew J. Sando slammed his head into the police car the Defendant Matthew J. Sando was driving. Defendants Matthew J. Sando and Caleb Simon then proceeded to beat and physically attack the Plaintiff, while the Plaintiff was restrained and unable to defend himself. This beating and slamming caused

immense physical injuries to the Plaintiff which required immediate medical treatment, which the Plaintiff did not receive. This slamming and beating caused the Plaintiff extreme pain and anxiety and caused both physical and mental damage and distress. The Plaintiff also suffered at the hands of all Defendants, in addition to the physical and mental distress, needless additional suffering as the result of being denied all medical attention at the time of the incident on August 7, 2018.

11. Defendants Colorado State Patrol, Commerce City, and Adam County employed, supervised and assisted Defendants Matthew J. Sando and Caleb Simon in all the harm herein alleged by assisting or having their agents and assigns assist in harming the Plaintiff and further their agents and assigns failed to prevent the harm alleged in this Complaint and either willfully allowed said harm to continue or actively through their agents and assigns participated directly in harm alleged.

## V. EXHAUSTION OF LEGAL REMEDIES

12. Plaintiff Vincent Damon Ditirro did file a notice of claim with the Colorado State Attorney General's Office, and with the Colorado Governor's Office although there is no requirement that any grievance must be instituted prior to this action.

13. In addition under Colorado Revised Statute 13-21-131, there is no requirement that any notice of claim must be filed. Under Colorado Revised Statue 13-21-131 (2) "The 'Colorado Governmental Immunity Act', article 10 of title 24, does not apply to claims brought pursuant to this section."

## VI. LEGAL CLAIMS
## FIRST CLAIM FOR RELIEF
## 43 U.S. § 1983
### Eight and Fourteenth Amendments – Cruel and Unusual Punishment
### (Against all Defendants)

14. Plaintiffs hereby incorporates all other paragraphs of this complaint as if fully set forth herein and specifically paragraphs 1-13

15. Defendants were acting under color of state law in their actions and inactions at all times relevant to this action.

16. Defendants Matthew J. Sando and Caleb Simon used excessive force against Plaintiff by slamming his head into a police car and by beating him and denying him needed and important, immediate medical attention, when the Plaintiff had not been convicted of any crime and was in the process of being arrested, with a presumption of innocence .. Defendants Matthew J. Sando and Caleb Simon's action violated Plaintiff's rights under the United States Constitution, and caused Plaintiff pain, suffering, physical injury and emotional distress. Defendants Matthew J. Sando and Caleb Simon were at the time and at all material times the agents of all other Defendants, including the Doe Defendants and

3

therefore all the Defendants named herein and Doe Defendants are completely liable for all of the Plaintiff's damages of whatever kind or nature.

17. Defendants' failure to supervise, monitor Defendants Matthew J. Sando and Caleb Simon and ensure the health and safety of the Plaintiff and any person who is retained by Defendants was a driving force behind the violation of the Plaintiff's constitutional rights therein.

18. Defendants' custom policy and practices of defending the conduct, failing to discipline, timely discipline, consistently and publicly exonerating and maintaining the employment of employees that engage in unconstitutional behavior including but not limited to those Defendants involved in the incident herein were a driving force behind the constitutional violations of the Plaintiff as described herein.

19. The acts and omissions of Defendants were engaged in pursuant to the custom, policy, and practice of div of Defendants which encourages, condones, tolerates and ratifies the constitutional violations described herein.

20. Defendants were deliberately indifferent to an obvious risk of serious harm by placing the Plaintiff into a situation which was virtually certain to, and did, result in damage to him personally. This was without necessity, right, legal justification or excuse and with such conscious or callous indifference to the rights of the Plaintiff as to rise to a level repugnant to the conscience of a reasonable person.

21. Defendants knowingly inflicted unnecessary and wanton pain upon Plaintiff by causing injuries to his person. Defendants knew that the actions of Defendants Matthew J. Sando and Caleb Simon caused severe personal injury to the Plaintiff.

22. Defendants exhibited deliberate indifference to the substantial risk of harm inflicted upon the Plaintiff by failing to ensure that he was not injured when detained

23. Defendants failed to provide humane conditions of detention for the Plaintiff by failing to implement practices, policies and procedures that protect detainees, including detainees such as the Plaintiff from substantial risk of serious harm posed by detention practices by police officers.

24. Defendants, by and through their official duties, failed to and continue to fail to properly train, supervise, monitor and or discipline their employees regarding proper detention proceedings and the protection of detainees from assaults by police officers, resulting in inhumane conditions of detainment and a deliberate indifference to the substantial risk of serious harm to the Plaintiff and other similarly situated detainees.

25. The inadequate training, supervision, monitoring and or discipline results from a conscious or deliberate choice to follow a course of action from among the various alternatives available to Defendants.

26. In light of the duties and responsibilities of the Defendant police departments, Sheriff's office officers, and state trooper/patrol officers who exercise control over individuals detained, the need for scrutiny and specialized training, supervision, monitoring and or discipline regarding the safety and attention of detainees is so obvious, and the inadequacy of proper appropriate training, supervision, monitoring and or discipline is so likely to result in the violation of constitutional rights, such as those described herein, that the Defendants are liable for their failure to appropriately train, supervise, monitor and or discipline Defendants. Such failure to properly train and supervise their employees was and continues to be the moving force and proximate cause of the violation of the Plaintiff's constitutional rights and the rights of other detainees.

27. The acts or omissions of each Defendant where the legal and proximate cause of the Plaintiff's damages in that he suffered damage to his person while being detained by Defendants.

28. As a direct and proximate cause and consequence of the unconstitutional policies, procedures, customs, and/or practices described above the Plaintiff suffered severe injury.

29. Defendants malicious conduct in violating the Plaintiffs rights was wanton and willful and was so intolerable to society standards of fundamental fairness that it violated the Plaintiff's eighth and 14th amendment rights to be free from cruel and unusual punishment

**SECOND CLAIM FOR RELIEF**
**Colorado Revised Statue 13-21-131 Cruel and Unusual Punishment**
**(Against all Defendants)**

30. Plaintiffs hereby incorporates all other paragraphs of this complaint as if fully set forth herein and specifically paragraphs 1-29

31. Defendants actions of cruel and unusual punishment against the Plaintiff also violate Colorado Revised Statutes 13-21-131 under the facts alleged herein and create a new and separate cause of action.

**THIRD CLAIM FOR RELIEF**
**43 U.S. § 1983**
**Eight and Fourteenth Amendments – Failure to Protect**
**(Against all Defendants)**

32. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 31.

33. Defendants were acting under color of law in their actions and inactions which occurred at all times relevant to this action.

34. Failure to discipline employees who previously failed to properly detain and ensure health and safety is a custom, policy, or practice of Defendants and a driving force behind the

5

Plaintiff's constitutional violations as described herein. Failure to adequately monitor, safeguard and respond to detainees who are suffering physical abuse and potentially life-threatening injuries is a custom, policy or practice of Defendants and a driving force behind the Plaintiff's constitutional violations as described herein.

35. Defendants' custom policy and practices of defending the conduct, failing to discipline, timely discipline consistently and publicly exonerating and maintaining the employment of employees that engage in unconstitutional behavior, including but not limited to those Defendants involved in supervising and controlling Defendants, Matthew J. Sando and Caleb Simon, involved in the detention of the Plaintiff was a driving force behind the Plaintiff's constitutional violations as described herein.

36. By detaining the Plaintiff and thereby assuming control over him and depriving him of his liberty to care for himself, Defendants created a special relationship with the Plaintiff that required the Defendants to assume an affirmative duty of care and protection of him.

37. Defendants have an affirmative duty of care and protection of the Plaintiff because he was in custody and detained against his will.

38. As a detained person held by Defendants, the Plaintiff's freedom to act on his own behalf is limited.

39. Defendants recklessly and with conscious disregard to the seriousness and obvious risk to the detainee, failed to protect the Plaintiff by knowingly abusing him and physically harming him which cause severe injury to the Plaintiff.

40. Defendants recklessly and with conscious disregard to the seriousness and obvious risk to detainee safety, failed to protect the Plaintiff from the known risks of harm.

41. When viewed in total, Defendant's conduct shocks the conscience.

42. Defendants failed to and continue to fail to properly hire, train, supervise, monitor and or discipline the employees regarding the protection of detainees including the Plaintiff from physical harm caused by agents, police officers, definite deputies, state troopers, and other personnel resulting in serious damage to the Plaintiff.

43. The inadequate training, monitoring and/or supervision provided by Defendants results from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants.

44. Such policies as well as Defendants actions and inactions violated the Plaintiff's substantive due process rights under the Fourteenth Amendment to the US Constitution.

45. The acts or omissions of each Defendant with the legal and proximate cause of the Plaintiff's injuries and damages in that he suffered extreme physical injury and emotional injury as a result of the attacks on him by the Defendants.

**FOURTH CLAIM FOR RELIEF**
**Colorado Revised Statue 13-21-131 Failure to Protect**
**(Against all Defendants)**

46. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 45

47. Defendants' actions of failure to protect the Plaintiff also violate Colorado Revised Statutes 13-21-131 under the facts alleged herein and create a new and separate cause of action.

**FIFTH CLAIM FOR RELIEF**
**43 U.S. § 1983**
**Eight and Fourteenth Amendments – Excessive Force**
**(Against all Defendants)**

48. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 47

47. Plaintiff had a constitutional protected and clearly established right to be free in his person against unreasonable searches of his person.

48. Defendants unlawfully seized the Plaintiff by means of excessive physical force and thereby unreasonably restrained his freedom.

49. Defendants' actions as described above, or objectively unreasonable in light of the facts and circumstances confronting them.

50. Defendants' actions, as described above, were motivated by intent to harm the Plaintiff.

51. Defendants' actions as described herein, were undertaken intentionally, maliciously, willfully, and wantonly and or in reckless disregard of Plaintiff's federally and Colorado protected rights.

52. Defendants' conduct violated clearly established rights belonging to Plaintiff of which reasonable law enforcement knew or should have known.

53. Plaintiff had been and continues to be damaged by Defendant's use of excessive force against him.

54. The acts or omissions of each Defendant, including the unconstitutional policy, procedure, custom and or practice described herein with the legal and proximate cause of Plaintiff's damages. As a direct result of Defendant's unlawful actions as described above, Plaintiff

suffered actual physical, emotional, and economic injuries in an amount to be proven at trial.

55. Defendants' failure to train, discipline, and or supervise on matters of excessive force and use of force generally, as described herein was a legal and proximate cloth because of Plaintiff's injuries. All individual Defendants to this claim, at all times relevant hereto were acting under color of state law in their capacities as officers of the state and federal and local governments.

56. The acts and omissions of Defendants were engaged in pursuit to the custom, policy, and practice of their respective governmental agencies, which encourages, condones, tolerates and ratifies the use of force by law enforcement officers.

## SIXTH CLAIM FOR RELIEF
### Colorado Revised Statue 13-21-131 Excessive Force
### (Against all Defendants

57. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 56

58. Defendants actions of excessive force against the Plaintiff also violate Colorado Revised Statutes 13-21-131 under the facts alleged herein and create a new and separate cause of action.

## SEVENTH CLAIM FOR RELIEF
### 43 U.S. § 1983
### Eight and Fourteenth Amendments – Failure to Train or Supervise
### (Against all Defendants)

59. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 58

60. Defendants failed to properly train and supervise their employees to monitor and protect detainees and avoid the use of excessive force.

61. Defendants knew, or should have known that their employees would fail to monitor, protect and use reasonable force, violating detainees constitutional rights.

62. Defendants failed to adequately, in their supervisory re-duties, to monitor, safeguard and respond to two detainees who are suffering physical abuse and potentially life-threatening injuries is a custom, policy or practice of Defendants and a driving force behind the Plaintiff's constitutional violations as described herein.

63. Defendants were in different to the constitutional rights of detainees knowing that dangerous and potentially fatal dangerous conditions existed in their actions, and consequences could be suffered by such individuals including the Plaintiff by failing to properly monitor, train, supervise, discipline and timely discipline their employees Defendants could have and should have pursued reasonable methods of abatement for known dangerous conditions, monitoring, training and supervising of such employee ease but failed to do so.

64. Defendants' policies, customs, or practices in failing to properly monitor, train, supervise and discipline its employees with a moving force and proximate cause of the violation of Plaintiff's constitutional rights.

65. The custom, practice, and policy of Defendants of encouraging, condoning, tolerating, and ratifying of the failure to monitor and protect detainees, failure to abate and known dangerous condition, failure to monitor, train supervise, discipline and timely discipline, employees and the use of excessive force by law enforcement officers as described herein, with a moving force behind the proximate cause of the violation of the Plaintiff's constitutional rights.

66. The acts or omissions of Defendants cause the Plaintiff's damages in that he suffered extreme physical and mental pain during the assault on him that resulted in serious injury.

67. The actions of Defendants as described herein deprived the Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States, and caused him other damages.

### EIGHTH CLAIM FOR RELIEF
### Colorado Revised Statue 13-21-131 Failure to Train and Supervise
### (Against all Defendants)

68. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 67

69. Defendants actions of failure to train and supervise against the Plaintiff also violate Colorado Revised Statutes 13-21-131 under the facts alleged herein and create a new and separate cause of action

### NINTH  CLAIM FOR RELIEF
### Colorado Revised Statue 13-21-131 Indemnification
### (Against all Defendants)

70. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein including specifically paragraphs 1 to 69

71. Pursuant to Colorado revised statute 13 – 21 – 131(4) "notwithstanding any other provision of law, a peace officer's employer shall indemnify its peace officers for any liability incurred by the peace officer and for any judgment or settlement entered against the police officer for claims arising pursuant to this section"subject to other exceptions and not material herein.

72. Therefore the Plaintiff for requests indemnification by the governmental entities and supervisors of Defendants Matthew J. Sando and Caleb Simon, and other persons who caused injury to the Plaintiff directly and all Defendants named here in order to be named in the future.

73. Plaintiff Ditirro has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment:

1. Granting Plaintiff Vincent Damon Ditirro a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and A preliminary and permanent injunction ordering all Defendants to cease their physical violence and threats toward Plaintiff Vincent Damon Ditirro, and

2. A preliminary and permanent injunction ordering all Defendants to cease their physical violence and threats toward Plaintiff Vincent Damon Ditirro, and

3. Granting Plaintiff Vincent Damon Ditirro compensatory damages in the amount of to be determined at trial but in no event less than $500,000.00 against each Defendant, jointly and severally. Including damages for compensatory and consequential issues of emotional distress, humiliation, loss of enjoyment of life, and other pain-and-suffering all claims allowed by law.

4. Declaratory relief and other appropriate equitable relief

5. Economic losses and all claims as allowed by law.

6. Punitive damages and all claims allowed by law an amount to determined at trial.

7. Attorneys fees and the costs associated with this action including expert witness fees and all claims allowed by law. Pursuant to Colorado revised statutes 13 – 21– 131(3) "in any action pursuant to this section a Court shall award reasonable attorneys fees and costs to prevailing Plaintiff.". Therefore the Plaintiff is entitled to attorneys fees and costs by law.

8. Plaintiff also seeks a jury trial on all issues triable by jury

9. Plaintiff also seeks recovery of his costs in this suit, and

10. Any additional relief this Court deems just, proper, and equitable

Dated April 30, 2021

    Respectfully submitted,

    */s/ Jean A. Pirzadeh*

    Attorneys for Plaintiff :

    Jean Pirzadeh Esq. Atty. Reg. No.: 50522
    Don Martin, Esq. Atty Reg. No. # 22347
    **The Colorado Christian Defense Counsel**
    200 S. Sheridan Blvd, Ste. 150
    Denver, Colorado 80226
    Phone Number:   (303) 934-7500
    Fax: (303)934-0300