IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
US CITIZENSHIP AND IMMIGRATION SERVICES
DENVER, COLORADO

Civil Action No. 21-CV-01840-STV

VINCENT DAMON DITIRRO

    Plaintiff,

v.

MATTHEW J. SANDO, et. al.

    Defendants

## PLAINTIFF'S OPPOSITION TO THE CSP DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, by and through his undersigned Counsel files his opposition to Defendants motion to dismiss

### 1. INTRODUCTION

On August 7, 2018, under color of law, Defendant Matthew J. Sando and Defendant Caleb Simon stopped the Plaintiff on the alleged basis of Driving under the Influence of Alcohol. At the time of the stop the Plaintiff was asked to perform a roadside test. The Plaintiff complied. The Defendant Matthew J. Sando and Defendant Caleb Simon abruptly stopped the tests and asked the Plaintiff to put his hands behind his back. The Plaintiff tried to put his hands back but then without warning, Defendant Matthew J. Sando slammed his head into the police car the Defendant Matthew J. Sando was driving. Defendants Matthew J. Sando and Caleb Simon then proceeded to beat and physically attack the Plaintiff, while the Plaintiff was restrained and unable to defend himself.

This beating and slamming, caused immense physical injuries to the Plaintiff which required immediate medical treatment, which the Plaintiff did not receive. The slamming and beating caused the Plaintiff extreme pain and anxiety and caused both physical and mental damage and distress. The Plaintiff also suffered at the hands of all Defendants, in addition to the physical, mental distress, and needless additional suffering as the result of being denied medical attention at the time of the incident on August 7, 2018. The brain damage and the extent thereof, was not

diagnosed until a year after the incident. Lastly, there is extensive video body cam of the entirety of the incident. (Discovery of Adams case, 2018M03252)

2.  THE ISSUE THE COURT MUST DECIDE

The Defendant individual officers and the Colorado State Patrol want the Court to find as a matter of law that the Defendants may assault an alleged defendant with impunity and all Courts are powerless to provide a remedy for a alleged defendant when he his head is smashed into a patrol car pursuant to an arrest.

3.  F.R.C.P. 12(b)(S) REQUIRES THAT THE COURT DENY
A MOTION TO DISMISS ON THE PLEADINGS IF THE FACTS AS PLEAD AND WERE TO BE ACCEPTED AS TRUE, STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Counsel admits in its argument that under Federal law all that is required to is a factually sufficient claim for relief. The defense also admits that the facts are to be accepted as true. However, the defense implies that a police officer who slams the head of a suspect into a car is not sufficient to provide a claim for relief. The government also implies that the wording used in the complaint which states that officer slammed the plaintiff s head into a car is a "legal conclusion couched as factual allegations".

Under any reasonable reading of the complaint, it cannot be seriously argued that a claim that an officer slammed the head of a plaintiff into a car, is a "legal conclusion" and not a factual allegation and therefore no statutory case law is necessary to support the reading.

The Complaint alleges facts which put forth a cause of action, and is Officer Sando liable to the plaintiff if he slammed his head into a patrol car? Clearly and without question the answer to all three questions is "yes". The facts alleged would come under the common law definition of assault and battery as well as intentional infliction of emotional distress. They also allege violations of the plaintiff's rights to be free of Governmental interference under the 4th and 14th Amendment of the United States and Colorado Constitutions. The defense motion fails to address these obvious issues. Here, the bodycam buttresses the allegations, even though Counsel fails to mention the video's existence nor acknowledge the contents.

4.  SERVICE WAS EFFECTIVE ON THE DEFENDANTS

The Defendants' allege that there was no service on the Defendants. However the Complaint was initially filed in Colorado State Court, then remanded to Federal Court then returned to State Court without the Federal causes of action. In State Court the Defendants were served although they had left the Colorado State Patrol and had moved. Counsel for the Colorado State Patrol accepted service on their behalf and filed various motions to dismiss the Complaint which were granted by the Colorado State Court. The matter is on appeal however no factual issues were determined as the Court ruled that the Plaintiff as a matter of law could not bring an action in tort against the Defendants.

Thereafter the Plaintiff filed this Federal action making Federal and State claims and the Defendants' Counsel agreed to service in this action. Therefore the claim of non service is without merit. In any event, the Defendants are well aware of this action and not without

notice of it nor are they subject to any prejudice do to fact they had actual notice of the claims raised.

5. THIS COURT HAS SUBJECT MATTER JURISDICTION: Ex Parte Young, Younger v. Harris,401 U.S. 37, (1971)

Neither  Colorado law nor Federal law provide total immunity for acts of assault and battery, negligence nor in the assisting such unlawful behavior and the Defense cites no case nor statutory law and argues none for such imagined immunity. However, they desire the Court to find such unlimited immunity without reliance on statutory or case law in Colorado. Such a ruling is the only way to overcome a denial of a motion to dismiss under the rule.

Here, Ex Parte Young allows the Plaintiff compensation for a past injury by state official. Here the Defendants, by and through their official duties, failed to and continue to fail to properly train, supervise, monitor and or discipline their employees regarding proper detention proceedings and the protection of detainees from assaults by police officers, resulting in inhumane conditions of detainment and a deliberate indifference to the substantial risk of serious harm to the Plaintiff and other similarly situated detainees.

The inadequate training, supervision, monitoring and or discipline results from a conscious or deliberate choice to follow a course of action from among the various alternatives available to Defendants. In light of the duties and responsibilities of the Defendant Colorado State Patrol and the individual officers  who exercise control over individuals detained, the need for scrutiny and specialized training, supervision, monitoring and or discipline regarding the safety and attention of detainees is so obvious, and the inadequacy of proper appropriate training, supervision, monitoring and or discipline is so likely to result in the violation of constitutional rights, such as those described herein, that the Defendants are liable for their failure to appropriately train, supervise, monitor and or discipline Defendants. Such failure to properly train and supervise their employees was and continues to be the moving force and proximate cause of the violation of the Plaintiff s rights and the rights of other detainees under Colorado law and the Federal laws and the US Constitution.

The Defendants admit that there would liability under Ex Parte Young, Younger v. Harris,401 U.S. 37, (1971), however that raise the defense of "qualified immunity". However such immunity would not shield Defendants, such as claimed herein that they acted by causing intentional torts and deliberate injury. These are clearly factual issues to be raised before the trier of fact and not at the pleading stage.

6. THE STATE COURT PROCEEDINGS ARE TERMINATED AND THEY DO NOT PREVENT THE COURT FROM HEARING THE FEDERAL CLAIMS

The Defendants' allege that the State Court proceedings are terminated. However the state court has dismissed the Complaint indicating that there are no causes of action under State law. No factual issues were raised. These rulings are on appeal but this Court is not being required to

All State court proceedings have ceased. Here, the Colorado Court of Appeals matter, as of October 18th was allowed to lapse. Thus, there are now no state court proceedings, which address solely procedural questions of law. This Court, pursuant to U.S.C. §1367 has supplemental statutory discretion which this Court may entertain all of the state law claims so

3

that if and when the Court of Appeals decides that the state claims my proceed this Court will then hear the State claims as no factual rulings could be disturbed.

Regardless the Federal claims may continue without effect as they were never raised in the state court action. If denied, all avenues of relief would have been stymied, and all safeguards against this civil right claim would be quelled and all diligent efforts by Mr. Ditirro will have been in vain.

7. THE PLAINTIFF'S CLAIMS ARE NOT BARRED UNDER THE STATUTE OF LIMITATION AS THE PLAINTIFF TIMELY FILED HIS CLAIMS.

The Plaintiff's Claims were timely filed his action on August 6, 2020 less than 2 years after the incident involved.

8. THE REMAINING ARGUMENTS BY THE DEFENDANTS ARE IRRELEVANT

The Defendants are clearly individuals and therefore persons. The Defendants can be liable for the assault they caused on the Plaintiff as alleged. The Eight Amendment is also applicable as the Plaintiff was subject to Cruel and Unusual Punishment, to wit being beaten prior to arrests by Colorado State Agents.

Dated this June 2, 2022

Jean Prizadeh
200 S. Sheridan Blvd.
Suite 150
Denver, CO. 80226
Attorney for the Plaintiff


CERTIFICATE OF SERVICE

I certify that I served the foregoing **PLAINTIFF'S OPPOSITION TO THE CSP DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by deposition copies of same in the United State mail, first-class postage prepaid, at Denver, Colorado, this 2nd day of June 2022 addressed to all parties

*/s/ Jean Pirzadeh*_____