**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01840-RMR-STV

VINCET DAMON DITIRRO,

    Plaintiff,

v.

MATTHEW J. SANDO, TROOPER, CALEB SIMON, TROOPER, COLORADO STATE PATROL, CITY OF COMMERCE CITY, ADAMS COUNTY SHERIFF, Richard A. Reigenborn, in his official capacity, DOE DEFENDANTS INDIVIDUAL 1-10, DOE DEFENDANTS AGENCY OF THE COLORADO STATE OR LOCAL GOVERNMENTS 11-20.

    Defendants.
_____

**DEFENDANT ADAMS COUNTY SHERIFF, RICHARD A. REIGENBORN'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12 (b)(5) & (6)**
_____

Defendant, the Adams County Sheriff, Richard A. Reigenborn, in his official capacity hereby moves for dismissal of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P 12(b)(5) and (6). As grounds therefore, he states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    Relevant Allegations of the First Amended Complaint**

This case arises out of a traffic stop that occurred on August 7, 2018. The Plaintiff, Vincent Damon Ditirro, alleges that on that date, he was pulled over by Colorado State Patrol Trooper Matthew J. Sando under suspicion of DUI. Mr. Ditirro's First Amended Complaint alleges that both Trooper Sando and an additional Colorado State Patrol Trooper, Caleb Simon "beat and physically attacked" him causing him physical and mental injuries. (ECF 44, First Am. Compl. ¶

1

10.) Mr. Ditirro's complaint also alleges that Troopers Sando and Simon failed to ensure Plaintiff received medical attention for the injuries that were sustained because of the beating. (*Id.*) Troopers Sando and Simon are both alleged to be "trooper[s] with the Colorado State Patrol," who "at all times w[ere] working for and under the direction of Colorado." (*Id.* at ¶¶ 5 & 6.)

The only explicit references to Sheriff Reigenborn in Mr. Ditirro's complaint consist of him being listed in the caption and in the introductory paragraph, which does no more than enumerate the defendants in the caption. (ECF 44, First Am. Compl. at 1.) Paragraph 26 of the first amended complaint broadly states:

> In light of the duties and responsibilities of the Defendant police departments, Sheriff's office officers, and state trooper/patrol officers who exercise control over individuals detained, the need for scrutiny and specialized training, supervision, monitoring and or discipline regarding the safety and attention of detainees is so obvious, and the inadequacy of proper appropriate training, supervision, monitoring and or discipline is so likely to result in the violation of constitutional rights, such as those described herein, that the Defendants are liable for their failure to appropriately train, supervise, monitor and or discipline Defendants. Such failure to properly train and supervise their employees was and continues to be the moving force and proximate cause of the violation of the Plaintiff's constitutional rights and the rights of other detainees.

(*Id.* at ¶ 26.) Otherwise, the complaint contains no allegations that expressly reference Sheriff Reigenborn, or more generically the Adams County Sheriff, by name or by function.

The complaint does contain two passing references to Adams County (which is a separate legal entity from the Sheriff).[1] They are as follows:

- "Defendant Adam is a governmental agency of the State of Colorado for enforcing the Criminal Law." (*Id.* at ¶ 7.); and

---

[1] *See Mullen v. Bd. of Commissioners [for Adams Cty.]*, No. 21-cv-02398-RM-NYW, 2022 WL 1266618, 2022 U.S. Dist. LEXIS 77479, *16 (D. Colo. April 28, 2022).

- "Defendants Colorado State Patrol, Commerce City, and Adam County employed, supervised and assisted Defendants Matthew J. Sando and Caleb Simon in all the harm herein alleged by assisting or having their agents and assigns assist in harming the Plaintiff and further their agents and assigns failed to prevent the harm alleged in this Complaint and either willfully allowed said harm to continue or actively through their agents and assigns participated directly in harm alleged." (*Id.* at ¶ 11.).

The complaint also contains the following additional conclusory assertion: "Each Defendant and Doe Defendant, Individual Defendant, or Agency Defendant were and are at all times the agent and principal of each and every Defendant whether Individual, Doe or Agency Defendant." (*Id.* at ¶ 7.) Otherwise, the body of the first amended complaint refers collectively to all "Defendants" over 80 times in the vast majority of its paragraphs.

## II.     Relevant Federal Procedural History

Mr. Ditirro initiated this federal action on July 7, 2021 while simultaneously pursuing identical state court litigation. (*See* Section III, below.) On May 5, 2022, Mr. Dittiro filed his First Amended Complaint. (ECF 44.) On July 12, 2022, Mr. Dittiro filed a purported proof of service indicating a paralegal for his counsel's law firm had personally effectuated service on Sheriff Reigenborn on behalf of the Adams County Sheriff's office (which is not a named defendant). (ECF 52). As the attached affidavits from two Adams County Sheriff's department employees reveal, however, Mr. Dittirro did not properly effectuate service on the Sheriff (who would be the proper party). The in-house process did not properly serve an authorized appointee of the Sheriff despite being provided the necessary information. *See* Ex. A, Affidavit of Karen Larson. Instead, he simply dropped a sealed copy of the summons through an office window. *Id.* at ¶ 5. Nor did he provide a copy of the complaint with the summons. *See* Ex. B, Affidavit of Michelle R. King at ¶ 5.

### III. Pending Parallel State Court Case

On August 6, 2020, Mr. Ditirro sued the "Adams County Sheriff's Department" in the Adams County, Colorado District Court, alleging claims under § 1983 and Colo. Rev. Stat. § 13-21-131. *See Ditirro v. Sando et al.*, 2020CV31045, complaint attached hereto as Exhibit C. A co-defendant removed that suit to this Court. *See* Case No. 20-cv-03412-RM-NRN. In order to obtain remand to state court, Mr. Ditirro voluntarily dismissed his § 1983 claims. *See id.* at ECF 17. On remand, the Adams County Sheriff's Department (through Sheriff Reigenborn) moved to dismiss Mr. Dittiro's statutory claims brought pursuant to Colo. Rev. Stat. § 13-21-131 because the alleged state actors, Troopers Sando and Simon were just that—employees of the Colorado State Patrol. They were not employees or agents of the Adams County Sheriff. The Adams County District Court agreed with Sheriff Reigenborn's argument and dismissed Mr. Dittirro's claims against him with prejudice. *See* Ex. D, February 26, 2021 Order. Mr. Dittiro sought and failed to obtain a further amendment to his complaint and reconsideration of that order.

On May 22, 2021, Mr. Ditirro filed a notice of appeal from the Adams County District Court. *See Ditirro v. Sando et al.*, No. 2021CA739 (Colo. Ct. App.). On September 13, 2021, Mr. Ditirro filed his opening brief before the Colorado Court of Appeals (despite having filed the present action on July 7, 2021). On November 1, 2021, Sheriff Reigenborn (on behalf of the Sheriff's Department) filed his answer brief. Mr. Ditirro did not file a reply brief. If Mr. Ditirro wants to abandon his appeal,[2] he has not notified the Colorado Court of Appeals of any such intent.

---

[2] ECF 47, Plaintiff's Opposition to CSP's MTD at 3 ("All State court proceedings have ceased. Here, the Colorado Court of Appeals matter, as of October 18th was allowed to lapse. Thus, there are now no state court proceedings, which address solely procedural questions of law.").

On June 24, 2022, the Colorado Court of Appeals dismissed in part several, but not all, of the appellees. *See* Ex. E, Order. The appeal remains pending as to the Adams County Sheriff.[3]

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss a complaint for insufficient service of process. A "motion made under Rule 12(b)(5) challenges the mode or lack of delivery of a summons and complaint." *Halik v. Brown*, No. 19-cv-02354-KMT, 2020 WL 5848797, 2020 U.S. Dist. LEXIS 181936, *7-8 (D. Colo. Sept. 30, 2020) (quotations omitted). Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

To survive a motion under 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That means a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79; *see also Shimomura v. Carlson*, 811 F.3d 349, 359 (10th Cir. 2015) ("Conclusory allegations of conspiracy [do] not

---

[3] The CSP defendants argue the Court should abstain from resolving the case under *Younger v. Harris*, 401 U.S. 37 (1971) in light of the pending state court proceedings. (*See* ECF 45, CSP MTD at 9-10; ECF 49, CSP Reply in Support of MTD at 3-4.) In the event the Court denies the Sheriff's motion to dismiss, the Sheriff agrees the Court should abstain from proceeding on the action until the Colorado Court of Appeals rules—although the civil nature of Mr. Ditirro's state court lawsuit (from which he voluntarily dismissed his Section 1983 claims) likely shifts the grounds of abstention to *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817–18 (1976).

5

suffice."). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alterations omitted). Rather, to state a claim, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 & n.5 (10th Cir. 2007) (Gorsuch, J.) (citations omitted and emphasis added). Group pleading "does not provide the specificity required by . . . *Iqbal*, and related cases." *Seni ex rel. Ciber, Inc. v. Peterschmidt*, No. 12–cv–00320, 2013 WL 1191265, 2013 U.S. Dist. LEXIS 40264 *8 (D. Colo. Mar. 22, 2013).

## ARGUMENT

The claims against Adams County Sheriff, Richard Reigenborn, should be dismissed for multiple reasons. The service of process was noncompliant with Rule 4. Any claims against him are barred by the applicable statute of limitations. Mr. Ditirro fails to state a claim against the County Sheriff based solely on the actions of the State Troopers. And if, somehow, such claims could exist, Sheriff Reigenborn is entitled to qualified immunity from them.

### I. Mr. Ditirro Did Not Properly Serve the Adams County Sheriff Pursuant to F.R.C.P. 4.

Rule 4(e)(2) requires service be made on the defendant personally, or on among people, an authorized agent. The attached affidavits reveal no individual was actually served, let alone an authorized agent of the Sheriff. Mere hand delivery by leaving an envelope in a public-facing window is insufficient. *See*, *e.g.*, *Podlacha v. Dobrovlny*, No. 20-cv-01801-WJM-KMT, 2021 WL 1105362, 2021 U.S. Dist. LEXIS 54315, *3 (D. Colo. Mar. 23, 2021) ("Leaving a summons and complaint at a residence door, unaccompanied by a refusal to accept service [by the defendant], is

6

not effective service under Rule 4."). Moreover, a copy of the complaint was not served with the summons as required by Fed. R. Civ. P. 4(c)(1). Those deficiencies warrant dismissal under Fed. R. Civ. P. 12(b)(5). That dismissal, moreover, should be with prejudice given the statute of limitations issue apparent on the face of the complaint.

## II.   Mr. Ditirro's Claims Are Barred by the Applicable Statute of Limitations

Even if service had been properly effectuated on July 12, 2022, Mr. Ditirro's claims are barred by the applicable two-year statute of limitations. Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

The statute of limitations for claims under Colo. Rev. Stat. § 13-21-131 (counts two, four, six, eight, and nine) is two years. *See* Colo. Rev. Stat. § 13-21-131(5). As for Mr. Dittro's Section 1983 claims (counts one, three, five and seven), "[t]he Reconstruction Civil Rights Acts do not contain a specific statute of limitations governing § 1983 actions[.]" *Wilson v. Garcia*, 471 U.S. 261, 266 (1985) (superseded by 28 U.S.C. § 1658 on unrelated grounds). "Because § 1983 claims are best characterized as personal injury actions," the Supreme Court has "held that a [forum] State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (quotation omitted). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249-50.

"Colorado has multiple personal injury statutes of limitations. In Colorado, the residual statute of limitations for all actions, including personal injury actions, provides a two-year

7

limitations period." *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (citations omitted); *see* Colo. Rev. Stat. § 13-80-102(1)(i) (providing a two-year statute of limitations for "[a]ll other actions of every kind for which no other period of limitation is provided"). Federal courts apply that limitations period to § 1983 claims arising in the State of Colorado. *See*, *e.g.*, *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."); *Blake*, 997 F.2d at 750-51 (applying § 13-80-102(1)(i); *see also. Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. Jan. 29, 2019) (unpublished) (same); *Rinaldo v. Unknown El Paso Cty. Sheriff's Deputies*, No. 17-cv-01586-CMA-STV, 2018 WL 5619333, 2018 U.S. Dist. LEXIS 185592, *14-15 (D. Colo. Oct. 30, 2018) (same).

Here, Ditirro's cause of action accrued on August 7, 2018, the date of the incident of which he complains. ECF No. 44, FAC at ¶10; *see Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998). Service has not yet been effectuated. But even if it had been on July 12, 2022, that is more than two years after the incident of which Mr. Ditirro complains. Even the initial July 7, 2021 filing of the complaint that initiated the present action was beyond the two-year statute of limitations.

As a general matter, "[a]bsent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action." *SMLL, L.L.C. v. Peak Nat. Bank*, 111 P.3d 563, 565 (Colo. App. 2005) (quotation omitted); *see Wallace v. Kato*, 549 U.S. 384 (2007) (looking to state law for tolling provisions). Colorado provides a remedial statutory tolling provision: "[i]f an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff may commence

8

a new action upon the same cause of action within ninety days after the termination of the original action[.]" Colo. Rev. Stat. §13-80-111(1). This section "shall be applicable to all actions which are first commenced in a federal court as well as those first commenced in the courts of Colorado or of any other state." Colo. Rev. Stat. §13-80-111(2).

Mr. Ditirro did previously file a state court action, which was dismissed by the state court (and is now pending before the Colorado Court Appeals). Mr. Ditirro's claims against the Adams County Sheriff, however, were dismissed for failure to state a claim under C.R.C.P. 12(b)(5); not for lack of subject matter jurisdiction or improper venue. Therefore, "the situation at issue here—in which the state claim was not 'terminated because of lack of jurisdiction or improper venue' and, in fact, remains pending—is clearly not contemplated by the applicable remedial revival tolling statute provided by the Colorado legislature." *Onyx Props. LLC v. Bd. of County Comm'rs of Elbert County*, 868 F. Supp. 2d 1171, 1177 (D. Colo. 2012). And if Mr. Dittiro's claim that he voluntarily abandoned his prior case on appeal is credited, then all the more reason the tolling statute does not apply.

As established from the face of the complaint and Mr. Dittiro's return of service, his claims against the Adams County Sheriff were both filed and served outside of the applicable two-year statute of limitations. His claims, therefore, should be dismissed under F.R.C.P. 12(b)(6).

### III. Mr. Ditirro Fails to State a Claim for Relief Against Sheriff Reigenborn

The first amended complaint contains not a single factual allegation indicating why the Adams County Sheriff is named in the lawsuit. No deputy sheriff or county employee is identified. No specific county policy, action, or inaction is alleged. In fact, Mr. Ditirro never even specifically alleges where the incident occurred. Instead, Mr. Ditirro alleges misconduct by two state troopers

who, he also alleges, were "at all times … working for and under the direction of the Colorado State Patrol as agent[s] for and agent[s] of the Defendant Colorado State Patrol." (ECF 44, First Am. Compl. at ¶¶ 5 & 6.)

Mr. Ditirro's conclusory agency allegations in paragraphs 9 and 11 do not satisfy Rule 8 for multiple reasons. First, its inconsistent with Mr. Ditirro's earlier, more specific allegation in paragraphs 5 and 6 that each trooper "at all times" was an agent of the Colorado State Patrol. (ECF 44, First Am. Compl. at ¶¶ 5 & 6.) In a conflict between general conclusory legal allegations and specific factual allegations, the specific factual allegations control. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (affirming dismissal of a complaint where "attenuated allegations" supporting claim were "contradicted . . . by more specific allegations in the complaint").

Second, under statutory allocations of authority, state troopers are distinct from county sheriffs. *Compare* Colo. Rev. Stat. § 24-33.5-201 with § 30-10-506; *see also Tonjes v. Park Cty. Sheriff's Office*, 300 F. Supp. 3d 1308, 1332 (D. Colo. 2018) (county sheriff is "the final policymaker for the Sheriff's Office with respect to the employment of deputies," under Colo. Rev. Stat. § 30-10-506); *Myers v. Koopman*, No. 09-cv-02802-REB-MEH, 2011 WL 650328, 2011 U.S. Dist. LEXIS 13655, *31-32 (D. Colo. Feb. 11, 2011) ("only a sheriff has the right to supervise and control the sheriff's deputies" under Colorado law). A plaintiff cannot conflate the two different entities and survive a motion to dismiss. *See Murtagh v. Bed Bath & Beyond Inc.*, No. 19-cv-03487-CMA-NYW, 2020 WL 4195126, 2020 U.S. Dist. LEXIS 129096, *8 (D. Colo. July 3, 2020) (dismissing defendants where complaint conflated the two in the absence of a factual allegation that the same actions could be imputed to both defendants).

10

Third, even assuming principal-agent principles could be applicable here (despite specific statutes to the contrary on point), something more than a conclusory allegation of collective agency is necessary to invoke a principal-agent relationship. *See Romero v. United States*, No. CV 14-640 MV/WPL, 2015 U.S. Dist. LEXIS 175638, *53-54 (D.N.M. Sept. 30, 2015) (dismissing conspiracy claim because allegation that the individual defendants, who were federal agents, acted "as agents, servants, joint venturers, partners, employees, employers, or representatives of each other" failed to state a claim). Here no such factual allegations were made.

Finally, even if there was some authority for the proposition that a county sheriff's office could under certain circumstances act as an agent for the State, *cf. McMillan v. Monroe Cty.*, 520 U.S. 781 (1997), no such allegations have been made against a specific county actor here. Perhaps Mr. Ditirro named both the Adams County Sheriff and Commerce City because the underlying traffic stop occurred within Commerce City, which in turn lies within Adams County. But even assuming that supposition is correct, mere geography is not a basis to assert a claim against a governmental entity.

In sum, Mr. Ditirro's allegations as to the Adams County Sheriff are not only impermissible conclusory pleadings that state legal conclusions or parrot legal standards, but they also get those legal standards wrong. Even if they had not, the complaint has no factual allegations to support them. For those reasons, Mr. Ditirro fails to state a claim against the Adams County Sheriff.

### IV. The Adams County Sheriff, Richard A. Reigenborn, Is Entitled to Qualified Immunity on Any Federal Claims

Qualified immunity shields government officials from Section 1983 damages suits so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When

11

governmental officials assert qualified immunity, they create a rebuttable presumption of immunity from a Section 1983 claim. *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001). The plaintiff then bears the "heavy" burden of establishing that qualified immunity does not apply. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

The qualified immunity analysis has two elements: (1) Whether, under the facts alleged by the plaintiff, the government officials violated a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendants' alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2008). "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Archuleta*, 523 F.3d at 1283. Clearly established law should not be defined "at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Rather, the dispositive question is "whether the violative nature of particular conduct is clearly established." *Id.* If the plaintiff fails to satisfy any part of the qualified-immunity inquiry, "the court must grant the defendant qualified immunity." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

In determining whether a right is clearly established, a plaintiff must point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *See Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012). Thus, it is Mr. Ditirro's burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's Fourteenth Amendment rights. *See White v. Pauley*, 137 S. Ct. 548, 552 (2017). "The dispositive question is whether the violative nature of the particular conduct is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015). To

12

satisfy this element, "existing precedent must have placed the statutory or constitutional question beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Patel v. Hall,* 849 F.3d 970, 980 (10th Cir. 2017).

Here, Mr. Ditirro will be unable to point to any Supreme Court or Tenth Circuit precedent construing the Constitutional provisions at issue as requiring a County Sheriff who hold no legal authority over state troopers to prevent those troopers from engaging in conduct allegedly in violation of the constitution, especially where there is no allegation the Sheriff was personally present during the encounter. Sheriff Reigenborn had no basis, let alone a clearly established basis, to believe he was under a duty to supervise and monitor state troopers. As such, the Adams County Sheriff, Richard A. Reigenborn is entitled to qualified immunity and should be dismissed with prejudice from this case.

## CONCLUSION

For the foregoing reasons, the Adams County Sheriff, Richard A. Reigenborn requests this Court dismiss Mr. Ditirro's First Amended Complaint against him with prejudice and for any such further relief as this Court deems appropriate.

DATED: August 1, 2022.

                                            Respectfully submitted,

                                            *s/Michael A. Sink*
                                            Michael A. Sink
                                            Assistant County Attorney
                                            Adams County Attorney's Office
                                            4430 S. Adams County Pkwy
                                            5th Floor, Suite C5000B
                                            Brighton, CO  80601
                                            Phone:  (720) 523-6116
                                            Fax:  (720) 523-6114
                                            msink@adcogov.org
                                            *Counsel  for Richard A. Reigenborn*

14

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Jean Pirzadeh, Esq.
Don Martin, Esq.
The Colorado Christian Defense Counsel
200 South Sheridan Blvd, Ste 150
Denver, CO  80226
Counsel for Plaintiff
jean@ccd-c.com

Allison R. Ailer, Esq.
Colorado Attorney General
1300 Broadway, 6th Floor
Denver, CO  80203
Counsel for CSP Defendants
Allison.ailer@coag.gov

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
msink@adcogov.org

*Counsel for Adams County Defendants*