IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01840-CNS-STV

VINCENT DAMON DITIRRO

    Plaintiff,

v.

MATTHEW J. SANDO, Trooper,
CALEB SIMON, Trooper,
COLORADO STATE PATROL,
COMMERCE CITY POLICE DEPARTMENT,
ADAMS COUNTY SHERIFF'S DEPARTMENT,
CITY OF COMMERCE CITY,
RICHARD A. REIGENBORN, ADAMS COUNTY SHERIFF,
DOE DEFENDANTS (Individual 1-10), and
DOE DEFENDANTS (State/Local Agency 11-20),

    Defendants.

## DEFENDANT CITY OF COMMERCE CITY'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(b)

Defendant, City of Commerce City (the "City"), by and through counsel of record, Jonathan M. Abramson, Esq. and Yulia Nikolaevskaya, Esq. of Kissinger & Fellman, P.C., hereby moves for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11(b), and states as follows:

### I. INTRODUCTION

Since August 6, 2020, and for the past 2 years, Plaintiff's counsel continues to pursue completely meritless and frivolous claims against the City. For the past 2 years, the substance of Plaintiff's Complaint has not changed, even in light of having received multiple opportunities to

amend his Complaint. For the past 2 years, Plaintiff's counsel failed to muster a single fact that would sufficiently allege any viable claim against the City. Undeterred by a significant award of attorneys' fees against Plaintiff in the State Court litigation, and the recent award of reasonable appellate attorneys' fees[1] by the Colorado Court of Appeals, Plaintiff's counsel not only continues to deprive the City of a rightful conclusion to this meritless lawsuit, but also continues to extort the citizens of the City as to attorneys' fees and costs paid to defend this matter. Plaintiff counsel's actions are objectively unreasonable. "The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Collins v. Daniels*, 916 F.3d 1302, 1322 (10th Cir. 2019). "Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Id.* "This case is a prime example of the waste and distraction that result when attorneys disregard Rule 11's certifications." *Id*. This Court should hold Plaintiff's counsel responsible for deliberate, calculated, meritless and frivolous conduct in pursuit of this federal action.

## II. RELEVANT FACTS

Plaintiff filed his original Complaint and Jury Demand ("Complaint") in Adams County District Court, State of Colorado on August 6, 2020, naming Commerce City Police Department ("CCPD"),[2] among others, as a Defendant. *See* Exhibit A, Plaintiff's Original Complaint. The

---

[1] The Colorado Court of Appeals awarded the City reasonable appellate attorneys' fees and costs incurred in litigating Plaintiff's appeal. *See* Exhibit M, ¶52. The Colorado Court of Appeals then remanded the case back to the District Court for determination of the exact amount of costs and fees. *Id*.

[2] Plaintiff originally named Commerce City Police Department ("CCPD") as a Defendant in the case. Plaintiff has since amended his operative Complaint, pursuant to arguments made in Defendant's Motion to Dismiss (ECF 28), and now names the City of Commerce City (the "City") as a Defendant. The terms CCPD and the City are used interchangeably in this Motion.

2

alleged incident between Plaintiff and Colorado State Patrol Troopers Simon and Sando took place on August 7, 2018. ECF 1, ¶10. The original Complaint filed in Adams County District Court alleged civil rights violations pursuant to 42 U.S.C. §1983 and under C.R.S. §13-21-131 (2020). On November 17, 2020, based upon the assertion of federal claims, CCPD removed the case to the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. §1441. *See, Ditirro v. Sando, et al.,* U.S. District Court (D. Colo.), Case No. 20-cv-03412-RM-NRN.

On December 1, 2020, CCPD filed its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and asserted that Plaintiff's Original Complaint failed to state a claim against CCPD upon which relief may be granted. *See* Case No. 20-cv-03412-RM-NRN, ECF 14, Exhibit B. CCPD argued that Plaintiff's Original Complaint contained no factual allegations supporting any claims against CCPD as neither of the named troopers was employed by CCPD. Exhibit B, pp. 4-6. Prior to filing of said Motion to Dismiss, CCPD communicated via email with Plaintiff's counsel conferring as to deficiency issues in Plaintiff's Original Complaint.

Instead of responding to CCPD's Motion to Dismiss, on December 7, 2020, Plaintiff filed a Motion to Amend (Case No. 20-cv-03412-RM-NRN, ECF 18, Exhibit C) and Motion to Remand (Case No. 20-cv-03412-RM-NRN, ECF 19, Exhibit D). In his Motion to Amend, Plaintiff specifically asked the Federal Court to allow him to 1) amend the Complaint; 2) remove all Federal Causes of Action to deprive the Federal Court of subject matter jurisdiction; and 3) remand the case back to State Court. See Exhibit C, ¶3. On December 8, 2020, Plaintiff filed a copy of the redlined Amended Complaint specifically striking all references to Federal claims, Section 1983 or the United States Constitution. Case No. 20-cv-03412-RM-NRN, ECF 20, Exhibit E. In addition

to striking all references to Federal claims, Plaintiff failed to properly amend the <u>factual substance</u> of the claims in order to remedy the deficiencies noted by CCPD in its Motion to Dismiss. *See* Case No. 20-cv-03412-RM-NRN, ECF 14, Exhibit B. In the Amended Complaint, Plaintiff added that "Defendants Colorado State Patrol, Commerce City Police, and Adam County employed, supervised and assisted Defendants Matthew J. Sando and Caleb Simon in all the harm herein alleged by assisting or having their agents and assigns assist in harming the Plaintiff [ ]." Exhibit E, ¶10.

On December 10, 2020, Plaintiff filed his Response to CCPD's Motion to Dismiss. Case No. 20-cv-03412-RM-NRN, ECF 23, Exhibit F. In his Response, Plaintiff reiterated his desire to remove all Federal claims from his operative Complaint. Case No. 20-cv-03412-RM-NRN, ECF 23, Exhibit F.

The Court ordered that Plaintiff's Amended Complaint was the operative Complaint. On January 4, 2021, after full briefing of Plaintiff's Motion to Remand, the U.S. District Court remanded the within action to Adams County District Court. *See* Case No. 20-cv-03412-RM-NRN, ECF 30, Exhibit G. The Federal Court found that the remand was warranted because Plaintiff dropped all Section 1983 claims from his Amended Complaint. Ex. G, p. 2.

Plaintiff then failed to file a copy of the operative Complaint as required by the Adams County District Court and on January 25, 2021, CCPD filed its Motion for Clarification prompting Plaintiff's filing of the operative Complaint (the "First Amended Complaint") in the Adams County Court. The First Amended Complaint was identical to Exhibit E, an Amended Complaint Plaintiff previously filed in Federal Court. Once again, no amendments were made to rectify the

factual deficiencies as to the lack of specific allegations pertaining to CCPD or the City's municipal liability. In response, on February 8, 2021, CCPD filed a Motion to Dismiss Plaintiff's First Amended Complaint. In its Motion CCPD argued that Plaintiff's operative Complaint was 1) factually and legally deficient as it did not contain facts to support CCPD's involvement in the incident at issue; and 2) that Plaintiff's operative Complaint fails legally to allege liability under C.R.S ¶13-21-131. *See* Exhibit H, pp. 1-12. The Motion to Dismiss additionally requested attorneys' fees and costs.

Plaintiff responded and, among other arguments, argued that he should be able to amend his Complaint yet again. *See* Exhibit I, p. 4.

On February 26, 2021, the Adams County District Court ("District Court") issued its Order dismissing CCPD, with prejudice, for Plaintiff's failure to state a claim upon which the Court could grant relief. *See* Exhibit J, pp. 9-11. The District Court denied, yet again, Plaintiff's request to amend his operative Complaint. *See* Exhibit J, pp. 8-9. The District Court stated that any attempt by Plaintiff to amend his operative Complaint would be <u>futile</u> because 1) claims against CCPD under C.R.S §13-21-131 fail as a matter of law; 2) amendment would be futile as no amount of additional factual allegations can change that; and 3) Plaintiff had more than enough time to investigate other potential claims and add them to the operative Complaint. Exhibit J, p. 9. The Order additionally awarded CCPD its attorneys' fees and costs under C.R.S. § 13-17-201 and Colo. R. Civ. P. 54(d). CCPD was awarded $30,374.50 against Plaintiff and currently has an unfulfilled judgment against Plaintiff.

On March 20, 2021, Plaintiff filed another Motion to Amend the 1st Amended Complaint

asking the District Court, again, to amend his Complaint. This request came after Plaintiff's first request to amend had been specifically denied by the District Court. *See* Exhibit K. Plaintiff stated that he wanted to "invoke his Federal rights," file a new amended Complaint and "file a Notice of Removal to Federal Court." Exhibit K, p. 2. This representation was made despite the fact that 28 U.S.C. § 1441 does not authorize a plaintiff to remove their own case to federal court. The District Court denied Plaintiff's request to amend his operative Complaint and to add federal causes of action. *See* Exhibit L. The District Court stated that Plaintiff "affirmatively chose to forgo his federal-law claims - *the very same claims he now wants to revive and reassert in federal court* – and litigate only his state-law claims in state court." Exhibit L, pp. 4-5. In denying Plaintiff's Motion, the District Court found, "Plaintiff's change of position on his federal-law claim [……] [is]dilatory at best, possible bad faith at worst." Exhibit L, p. 5.

Plaintiff appealed the Adams County District Court's dismissal. On August 18, 2022, the Colorado Court of Appeals affirmed the District Court's judgment in favor of the City and affirmed the Order denying Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Complaint and Motion to Reconsider. *See* Ex. M, Order of the Court of Appeals. The Court of Appeals also remanded the case to the District Court for determination of reasonable appellate attorneys' fees and costs to be awarded. *Id*.

This action, 21-cv-0184-RMR-STV, was filed in July of 2021. The Complaint is substantially similar to the Complaint Plaintiff previously filed in State Court at the onset of this entire litigation on August 6, 2020. *Compare* Exhibit A and ECF 1. Once again, Plaintiff's Complaint contained no specific facts that would support *Monell* liability on the City, and also contained Colo. Rev.

Stat. §13-21-131 claims previously dismissed by the state District Court. Plaintiff did not attempt to serve the City with this lawsuit until February 11, 2022. Plaintiff had knowledge that the City was represented in this matter by undersigned counsel based on the ongoing State court activities. Plaintiff never reached out to notify undersigned counsel or to request a waiver of service.

The City learned of this re-filed case when it was notified by counsel from the Attorney General's Office. Undersigned counsel was made aware that Plaintiff's counsel ("Ms. Pirzadeh") may have informed this Court that service of process had been accomplished on CCPD. Pursuant to the information received from the Attorney General's Office, undersigned counsel reached out to Ms. Pirzadeh via two separate emails requesting proof of service. Ms. Pirzadeh has never responded to undersigned counsel. Instead of contacting counsel regarding service, Plaintiff's counsel attempted improper service on the City by serving the City's police department. Plaintiff never requested that the City waive service.

After Plaintiff's initial improper service on the City's police department on February 11, 2022, the City filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5). ECF 28. During a telephonic status conference on March 9, 2022, the Court cautioned Plaintiff's counsel regarding the continued pursuit of this action.  See, Ex. N, Courtroom Minutes/Minute Order (ECF 30). During a telephonic status conference with the Court on April 14, 2022, the Court allowed Plaintiff an opportunity to file a clean Amended Complaint by May 5, 2022. ECF 43.

On May 5, 2022, Plaintiff filed the First Amended Complaint, now naming the City of Commerce City as a Defendant. Plaintiff then re-asserted previously litigated claims under Colo. Rev. Stat. § 13-21-131 (Claims Two, Four, Six, Eight and Nine) and various claims under Section

1983 claims under the Eighth and Fourteenth Amendments (Claims One, Three, Five, and Seven). ECF 44. However, after Plaintiff filed his First Amended Complaint, he failed to timely serve the City. The factual substance of the First Amended Complaint has not changed.

Another telephone status conference with the Court occurred on July 7, 2022. ECF 50. During the status conference, Plaintiff's counsel was unable to confirm to the Court that the City had been properly served with the new operative Complaint. The Court ordered that: "If City of Commerce City nor Sheriff Reigenborn are properly served by the time this court issues any recommendation on the Motion to Dismiss [Doc. No. 45], the court will recommend that they be dismissed pursuant to Rule 4(m) for failure to timely serve." ECF 50.

On July 11, 2022, Plaintiff filed Proof of Service on the City with this Court. ECF 51. Attached to the Proof of Service is the copy of the Summons served on the City. *Id.* The copy of the Summons filed by Plaintiff indicates that the Summons was issued and signed by the Clerk of Court on July 7, 2021, a year before the filed copy of the Summons was actually served on the City. However, careful examination of the filed copy of the Summons at ECF 51, and the copy of the Summons at ECF 4, reveals that the copy of the Summons filed at ECF 51 appears to be an altered version of the Summons at ECF 4. *See* ECF 4, 51. In ECF 51, Plaintiff altered the portion of the Summons listing Defendants by name and address. *Compare* ECF 4 and ECF 51.

On August 1, 2022, the City served Plaintiff's counsel with a Fed. R. Civ. P. 11 letter which included a copy of this Motion for Sanctions and a copy of the City's Motion to Dismiss. *See*, Ex.

8

O. Such service was made under Fed. R. Civ. P. 5.[3] The City advised Plaintiff's counsel that the conduct of again re-filing a factually deficient Complaint against the City was frivolous and improper because no legal or factual basis supports the City's liability. Additionally, Plaintiff's counsel's alteration of the previously issued Summons was improper and potentially fraudulent. Defendants provided Plaintiff's counsel with a 21-day period of time to withdraw Plaintiff's filings and dismiss all claims against the City.

Lastly, even after the Colorado Court of Appeals issued an Order affirming the dismissal of Plaintiff's action in state court and finding that Colo. Rev. Stat. §13-21-131 does not apply to municipalities, Plaintiff's counsel failed to amend the operative Complaint. The Colorado Court of Appeals issued its opinion on August 18, 2022. Since that date, and until the date this Motion was filed, Plaintiff's counsel had an opportunity to either 1) reach out to the City and propose an amendment based on the opinion; or 2) file a Motion to Amend with this Court. Since serving Plaintiff's counsel with a copy of this Motion and a copy of the Motion to Dismiss, until the instant Motion was filed, Plaintiff's counsel failed to respond or amend the operative Complaint.

### III.   APPLICABLE CASE LAW

Rule 11 states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

---

[3] See Ex. P, certified mail return receipt form indicating Plaintiff's counsel received the City's Rule 11 letter on August 3, 2022.

> [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

"Rule 11 imposes an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Collins*, 916 F.3d at 1320 (ellipsis and internal quotation marks omitted). "We evaluate an attorney's conduct under a standard of objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Id.* (brackets and internal quotation marks omitted). *See also White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.").

"[T]he award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction." *Collins,* at 1319 (citation and internal quotation marks omitted). At step two, "[t[he court must consider the purposes to be served by the imposition of sanctions and so limit its sanctions 'to what suffices to deter repetition of the conduct or comparable conduct by others similarly situation.'" *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting Fed. R. Civ. P. 11(c)(4)).

## IV. ARGUMENT

At the present time, Plaintiff still owes the City over $30,000 in attorney's fees awarded to the City by the State Court. These attorney's fees have been awarded to the City upon the State District

10

Court's dismissal of Plaintiff's original Complaint. In addition to the current costs and fees, Plaintiff has also lost his appeal to the Colorado Court of Appeals. *See* Ex. M. ¶52. The Colorado Appellate Court issued an award to the City for appellate attorneys' costs and fees. *Id.*, ¶¶47-51. According to the Colorado Court of Appeals, under Colo. Rev. Stat. 13-17-201, "a plaintiff and the Plaintiff's lawyer are equally liable for attorney fees awards, even though the lawyer may have been solely responsible for the pleading deficiencies that lead to the dismissal of the action." *Id.*, ¶47. The City requests this Court order Plaintiff's counsel to pay the additional attorney's fees associated with the defense of this specific action as well.

Plaintiff lost all of his Colo. Rev. Stat. §13-21-131 claims against the City, filed an appeal and lost that appeal. Instead of concluding this meritless litigation, Plaintiff's counsel not only filed a Complaint in this Court containing the same deficient state claims against the City, but also resurrected Plaintiff's previously dismissed Section 1983 claims which were the claims subject to the City's Motion to Dismiss at the onset of this litigation. When the Colorado Court Appeals denied Plaintiff's appeal, Plaintiff's counsel yet again failed to amend the current pleading to strike from it any and all claims alleged based on Colo. Rev. Stat. §13-21-131. This Court should grant the City its Motion for Sanctions and, specifically sanction Plaintiff's counsel by awarding the City all attorneys' fees spent in litigating, yet again, this meritless federal action. This Court should also sanction Plaintiff's counsel for not only apparently altering a copy of the previously issued Summons, but for filing the altered copy of the Summons with this Court.

Plaintiff's continued filing of these meritless and frivolous claims against the City violates Rule 11. Plaintiff's counsel has an affirmative duty to conduct a reasonable inquiry into the facts

and the law before filing. On numerous occasions, since the beginning of this litigation, undersigned counsel conferred with Plaintiff's counsel as to the legal and factual deficiency of Plaintiff's claims against the City. The City also filed a Motion to Dismiss all claims against it in the original State Court action that was removed to Federal Court. In that Motion, the City specifically outlined the deficiency of Plaintiff's Eighth and Fourteenth Amendment claims. Plaintiff's counsel was on notice of the alleged deficiencies. Moreover, Plaintiff's counsel was on notice that a State District Court already adjudicated Plaintiff's Colo. Rev. Stat. §13-21-131 claims against the City, found those claims legally meritless, denied Plaintiff's request to amend his Complaint again, and ordered Plaintiff to compensate the City for its attorneys' fees. Plaintiff's counsel's actions of re-filing a factually deficient Complaint, after having been informed of the deficiency of such claims, constitutes unreasonable conduct. Likewise, no reasonable attorney would re-file the substantially same, factually and legally deficient Complaint, over and over again, purposefully failing to include necessary amendments.

The gravity of Plaintiff's counsel's conduct is amplified by Plaintiff counsel's filing of a copy of a federal document, the Summons, that has apparently been altered. *See* Motion to Dismiss, ECF 58, Section III.A.i. A summons is a federal document that is signed, sealed and issued by the clerk of the court. Fed. R. Civ. P. 4(b). The clerk signs the summons only after verifying that the document is properly completed. *Id*. In this case, it is the belief of the City that Plaintiff's counsel altered portions of the Summons pertaining to substituting the City of Commerce City for the Commerce City Police Department. Plaintiff's counsel then filed this apparently altered document with this Court. The City is unable to find a case or a statute that would authorize such alteration

to the previously issued copy of the Summons. Plaintiff counsel's conduct of altering and later filing the altered federal document is objectively unreasonable and this Court should sanction Plaintiff's counsel.

The conduct of Plaintiff's counsel in this case is not just imprecise, it is deliberate, calculated, meritless and frivolous. This Court has an obligation to deter others from repeating such conduct or preventing others from altering federal documents. Moreover, it is clear that Plaintiff's counsel ignored the significant award of attorneys' fees against Plaintiff in State District Court, and later, in the Colorado Court of Appeals. Such awards did not serve as a deterrence to Plaintiff's counsel against re-filing (or failing to amend) factually and legally deficient pleadings against the City. For the foregoing reasons, this Court should sanction Plaintiff's counsel directly and award the City all of its attorneys' fees as to this specific federal action.

Dated: August 25, 2022                                    KISSINGER & FELLMAN, P.C.
                                                          *s/ Jonathan M. Abramson*
                                                          Jonathan M. Abramson
                                                          Yulia Nikolaevskaya
                                                          3773 Cherry Creek North Drive, Suite 900
                                                          Denver, Colorado 80209
                                                          Phone: 303-320-6100 Fax: 303-327-8601
                                                          Email: jonathan@kandf.com
                                                                    julie@kandf.com
                                                          *Attorneys for Defendant City of Commerce City*

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jean Pirzadeh, Esq. [jean@ccd-c.com]
*ATTORNEY FOR PLAINTIFF*

Allison R. Ailer, Esq. [Allison.ailer@coag.gov]
*ATTORNEY FOR DEFENDANTS SANDO, SIMON AND COLORADO STATE PATROL*

Michael A. Sink, Esq. [msink@adcogov.org]
*ATTORNEY FOR DEFENDANT RICHARD A. REIGENBORN*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name: **N/A**

*s/ Elizabeth Jackson*
KISSINGER & FELLMAN, P.C.