**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01840-CNS-STV

VINCET DAMON DITIRRO,

    Plaintiff,

v.

MATTHEW J. SANDO, TROOPER, CALEB SIMON, TROOPER, COLORADO STATE PATROL, CITY OF COMMERCE CITY, ADAMS COUNTY SHERIFF, Richard A. Reigenborn, in his official capacity, DOE DEFENDANTS INDIVIDUAL 1-10, DOE DEFENDANTS AGENCY OF THE COLORADO STATE OR LOCAL GOVERNMENTS 11-20.

    Defendants.
_____

**DEFENDANT ADAMS COUNTY SHERIFF RICHARD A. REIGENBORN'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(5) & (6)**
_____

    Defendant Adams County Sheriff Richard A. Reigenborn's "(Sheriff Reigenborn")" motion to dismiss (ECF 55) challenges multiple issues with Mr. Ditirro's First Amended Complaint ("FAC") (ECF 44), not the least of which, is the fact that Mr. Ditirro's FAC does not contain a single factual allegation indicating why Sheriff Reigenborn is a party to the lawsuit. Coupling this with the fact that Mr. Ditirro's service of process did not comply with Rule 4, and accordingly, bars his claims by the applicable two-year statute of limitations, the Court should dismiss his complaint with prejudice. Further, Sheriff Reigenborn should be dismissed by virtue of qualified immunity.

### I.    Mr. Ditirro Did Not Properly Serve Sheriff Reigenborn Pursuant to Either F.R.C.P. 4 or C.R.C.P. 4.

Mr. Ditirro does not dispute any of the facts supported by the affidavits of the two Adams County Sheriff's department employees—including that he failed to provide a copy of the complaint with the summons. Instead, he points out that federal courts look to state court service rules, here C.R.C.P. 4, and that under Colorado law his form of service is permissible. (Obj. ECF 57 at 2.) On the former point, he is correct. *See Podlacha v. Dobroviny*, No. 20-cv-01801-WJM-KMT, 2021 WL 1105362, *1-2 (D. Colo. Mar. 23, 2021). On the latter point, he is not.

C.R.C.P. 4(e)(1) allows service at a person's workplace by leaving the necessary paperwork with "the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process." Here, Ms. Larson is none of those things and was not a representative designated by the Sheriff to receive service—as she informed Mr. Ditirro's process server when she gave him the appropriate contacts to effectuate service. Moreover, merely leaving the incomplete paperwork at the front window afterwards is not service on Ms. Larson. (ECF 55-1.)  The service affidavit, moreover, incorrectly claims to have personally served the Sheriff. (ECF 52.) As for Mr. Ditirro's attempt to distinguish *Podlacha*, 2021 WL 1105362 at *3, he offers no reason why the service rule for "a government official," who is an individual, differs. (Obj. ECF 57 at 2.) Neither the text of F.R.C.P. 4, nor the text of C.R.C.P. 4, make such a distinction for service on public officials. In sum, Mr. Ditirro has not made a prima facie case that service was proper.

### II.   Mr. Ditirro's Claims Are Barred by the Two-Year Statute of Limitations

Mr. Ditirro does not dispute that: (1) the applicable period of limitations is two years; (2)

the accident occurred more than two years prior to his recent attempt at service on Sheriff Reigenborn; (3) he was aware of all of the events as they transpired on August 7, 2018; and (4) he cannot take advantage of the tolling statute, Colo. Rev. Stat. § 13-80-111. Rather, Mr. Ditirro argues that, although he knew he was injured on August 7, 2018, his claim did not accrue until he discovered the extent of his brain injuries attributable the event on August 7th. The moment he discovered the extent of his injuries, he argues, "wasn't until almost a full year later" after he received such a diagnosis from two medical providers. (Obj. ECF 57 at 3.)[1]

Mr. Ditirro's argument, however, suffers from two fatal defects. First, under Colorado law, a claim accrues when the facts of the claim are known or should be known to the plaintiff. Those facts include the existence of an injury and its cause. *See* C.R.S. § 13-80-108(1); *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 308 (Colo. App. 2007) ("Generally, personal injury claims such as the one before us accrue on the date a person becomes aware of the injury and its cause, which is on the date of the accident."). But tellingly, the necessary facts for accrual do not include the extent of the injury. *See Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994) ("[A] plaintiff's claim for relief accrues on the date the fact of injury and its cause are known or should have been known, [and a] plaintiff's uncertainty as to the full extent of the damage does not prevent the filing of a timely complaint.") (citing Colorado Supreme Court cases). Here, Mr. Ditirro knew

---

[1] At another point, Mr. Ditirro also asserts "the effects of the damages were not entirely known until 2 years later" when the decision was made by the Adams County District Attorney not to prosecute Mr. Ditirro. (Obj. ECF 57 at 3.) If true (and the decision not to prosecute occurred less than two years prior to service), that fact might only be relevant to a Section 1983 claim for false imprisonment or similar. *See Meadows v. Whetsel*, 227 F. App'x 769, (10th Cir. May 22, 2007) (unpublished). Mr. Ditirro, however, pled no such claim here. Nor could he as to Sheriff Reigenborn who, based on the allegations in the complaint, did not arrest or charge Mr. Ditirro. Nor does Mr. Ditirro allege he was imprisoned in the Adams County Detention Facility.

all of the facts necessary to state a claim on August 7, 2018–including that he had been injured. Later medical diagnosis of the extent of the injury he suffered does not toll or otherwise reset the statute of limitations.

But even if it did, Mr. Ditirro's claim is still untimely. Granting for the sake of argument Mr. Ditirro's assertion that he was not diagnosed with permanent brain damage until "almost a full year" after the accident, his claim against Sheriff Reigenborn should have been filed and served no later than August 7, 2021. It was not, however. As such, Mr. Ditirro's claims are barred by the two-year statute of limitations.

### III.   Mr. Ditirro Fails to State a Claim for Relief Against Sheriff Reigenborn

As to Sheriff Reigenborn, the fundamental flaw in Mr. Ditirro's complaint is that he attempts to make the Adams County Sheriff liable for the actions of Colorado State Patrol Troopers. No legal authority supports such a cause of action. The Adams County Sheriff's Office is separate and legally distinct from the State Patrol. Sheriff Reigenborn does not employ or supervise State Patrol Troopers as a matter of Colorado statutory law. The Sheriff, moreover, is not personally alleged to have been involved in the events of August 7, 2018. Nor is any Adams County sheriff's deputy alleged to have been involved.

In his response, Mr. Ditirro argues that some unnamed Adams County sheriff's deputies may have been on the scene at the time he alleges he was assaulted on August 7, 2018, and perhaps failed to intervene. (Obj. ECF 57 at 1 & 4.) But the complaint does not allege this. Instead, the complaint attempts to hold Sheriff Reigenborn responsible for the specific alleged actions of the State Patrol Troopers who, he asserts, are agents of the County Sheriff. Even if the complaint had alleged what Mr. Ditirro now asserts, pleading that "potential employees of the Sheriff" may have

caused or contributed to his injuries (Obj. ECF 57 at 4) is not sufficient to state a claim against Sheriff Reigenborn for the unspecified acts of unnamed and potentially non-existent employees. Moreover, as the Colorado Court of Appeals has recently held, the County Sheriff is not liable for the acts of employees under Mr. Ditirro's state law claim for violation of C.R.S. § 13-21-131. *See Ditirro v. Sando*, 21CA0739, 2022 WL 3452486, *14-16 (Colo. App. Aug. 18, 2022). The same is true for a Section 1983 claim, unless Mr. Ditirro can point to some form of a policy-level problem under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), which he has not.

### IV.     Mr. Ditirro's Claims Are Barred by Qualified Immunity

Finally, Sheriff Reigenborn is entitled to qualified immunity for any potential claim asserted by Mr. Ditirro. Mr. Ditirro cites to no clearly established precedent from the Supreme Court, the Tenth Circuit, this Court, or any other consensus of authority that would hold the Sheriff liable under Section 1983 either for (1) the actions of law enforcement officers over whom he has no control or supervision, or (2) the unspecified acts of unnamed and potentially nonexistent employees. Contrary to Mr. Ditirro's unsupported assertions, qualified immunity is meant to protect government officials from the burden of discovery, which is why it should be addressed at the "earliest possible stage in litigation." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

### CONCLUSION

For a variety of reasons, Mr. Ditirro's attempt to assert claims against Sheriff Reigenborn for the alleged actions of Colorado State Patrol Troopers are barred or fail as a matter of law. Sheriff Reigenborn, therefore, respectfully requests the Court dismiss the claims against him with

prejudice.

DATED: August 29, 2022

                                           Respectfully submitted,

                                           *s/Michael A. Sink*
                                           Michael A. Sink
                                           Assistant County Attorney
                                           Adams County Attorney's Office
                                           4430 S. Adams County Pkwy
                                           5th Floor, Suite C5000B
                                           Brighton, CO  80601
                                           Phone:  (720) 523-6116
                                           Fax:  (720) 523-6114
                                           msink@adcogov.org
                                           *Counsel  for Richard A. Reigenborn*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Jean Pirzadeh, Esq.
Don Martin, Esq.
The Colorado Christian Defense Counsel
200 South Sheridan Blvd, Ste 150
Denver, CO  80226
Counsel for Plaintiff
jean@ccd-c.com

Allison R. Ailer, Esq.
Colorado Attorney General
1300 Broadway, 6th Floor
Denver, CO  80203
Counsel for CSP Defendants
Allison.ailer@coag.gov

*s/Michael A. Sink*
Kerri A. Booth
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org

*Counsel for Adams County Defendants*