**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-CV-1840-CNS-STV

VINCENT DAMON DITIRRO,

      Plaintiff,

v.

MATTHEW J. SANDO,
CALEB SIMON,
COLORADO STATE PATROL,
CITY OF COMMERCE CITY,
ADAMS COUNTY SHERIFF RICHARD A. REIGENBORN,
DOE DEFENDANTS INDIVIDUAL 1 TO 10, and
DOE DEFENDANTS AGENCY OF THE COLORDADO STATE OR LOCAL
GOVERNMENTS 11-20,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Scott T. Varholak

      This matter comes before the Court on four motions: (1) The CSP Defendants'
Motion to Dismiss First Amended Complaint and Demand for Jury Trial (the "CSP
Motion")[1] [#45], (2) Defendant Adams County Sheriff, Richard A. Reigenborn's Motion to
Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) & (6) (the "Reigenborn Motion") [#55],
(3) Defendant City of Commerce City's Motion to Dismiss Plaintiff's First Amended
Complaint and Demand for Jury Trial Pursuant to Fed. R. Civ. P. 12(b)(4)-(6) (the

_____

[1] The CSP Motion was filed on behalf of the Colorado State Patrol ("CSP"), CSP Trooper
Matthew J. Sando, and CSP Trooper Caleb Simon (collectively, the "CSP Defendants").
[#45]

"Commerce City Motion") [#58], and (4) Defendant City of Commerce City's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(b) (the "Sanctions Motion") [#59]. The Motions were referred to this Court. [##46, 56, 60] This Court has carefully considered the Motions and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, this Court respectfully **RECOMMENDS** that all four Motions be **GRANTED**.

I.   **BACKGROUND**[2]

On August 7, 2018, Colorado State Patrol Troopers Matthew J. Sando and Caleb Simon stopped Plaintiff on suspicion of driving while under the influence of alcohol. [#44, ¶ 10] Troopers Sando and Simon asked Plaintiff to perform a roadside test and Plaintiff complied. [*Id.*] Troopers Sando and Simon then abruptly stopped the test and asked Plaintiff to put his hands behind his back. [*Id.*] Though Plaintiff attempted to comply, Trooper Sando slammed Plaintiff's head into Trooper Sando's patrol car. [*Id.*] Defendants Sando and Simon then proceeded to "beat and physically attack" Plaintiff while Plaintiff was restrained. [*Id.*] "This beating and slamming caused immense physical injuries to [Plaintiff] which required immediate medical treatment, which [Plaintiff] did not receive." [*Id.*] "This slamming and beating caused [Plaintiff] extreme pain and anxiety

---

[2] The facts are drawn from the allegations in Plaintiff's First Amended Complaint and Demand for Jury Trial (the "Complaint") [#44] which must be taken as true when considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

and caused both physical and mental damage and distress." [*Id.*]   According to the Complaint:

> Defendants Colorado State Patrol, Commerce City, and Adams County employed, supervised and assisted Defendants [Sando and Simon] in all the harm [alleged in the Complaint] by assisting or having their agents and assigns assist in harming [Plaintiff] and further their agents and assigns failed to prevent the harm alleged in [the] Complaint and either willfully allowed said harm to continue or actively through their agents and assigns participated directly in [the] harm alleged.

[*Id.* at ¶ 11][3]

On August 6, 2020, Plaintiff brought suit in the Adams County District Court against Troopers Sando and Simon, the Colorado State Patrol, the Commerce City Police Department ("CCPD"), the Adams County Sheriff's Department ("ACSD"), the Brighton Police Department, and ten Doe Defendants (the "First Lawsuit").[4]   [#45-2]   The First Lawsuit alleged: (1) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; (2) cruel and unusual punishment in violation of Colorado Revised Statute § 13-21-131; (3) failure to protect in violation of the Eighth and Fourteenth Amendments; (4) failure to protect in violation of Colorado Revised Statute § 13-21-131;

---

[3] The Complaint is eleven pages long and contains 73 separate paragraphs. [#44] The Complaint is filled with similar boilerplate, cut-and-paste allegations. [*Id.*] Because "[c]onclusory allegations . . . are not a substitute for specific factual allegations that might push Plaintiff's boilerplate allegations from conclusory to plausible," the Court does not repeat the boilerplate and conclusory allegations herein. *Wyrick v. City of Seminole*, No. CIV-19-00133-PRW, 2021 WL 2403445, at *2 (E.D. Okla. June 11, 2021); *see also Zemaitiene v. Salt Lake Cty.*, No. 21-4091, 2022 WL 1013811, at *5 (10th Cir. Apr. 5, 2022) (finding that the plaintiff's "boilerplate allegations d[id] not state a plausible claim for relief").

[4] This Court may take judicial notice of "another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'"   *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)).

3

(5) excessive force in violation of the Eighth and Fourteenth Amendments; (6) excessive force in violation of Colorado Revised Statute § 13-21-131; (7) failure to train or supervise in violation of the Eighth and Fourteenth Amendments; (8) failure to train or supervise in violation of Colorado Revised Statute § 13-21-131; and (9) indemnification pursuant to Colorado Revised Statute § 13-21-131.  [*Id.*]  Due to the federal claims, the Commerce City Police Department removed the matter to this Court.  [*Ditirro v. Sando*, No. 1:20-cv-03412-RM-NRN, #1]  On December 7, 2020, Plaintiff filed an amended complaint in the First Lawsuit that removed all of the federal claims for relief.  [*Ditirro v. Sando*, No. 1:20-cv-03412-RM-NRN, #17]  Plaintiff then filed a motion to remand the First Lawsuit to the Adams County District Court, which United States District Judge Raymond P. Moore granted.  [*Ditirro v. Sando*, No. 1:20-cv-03412-RM-NRN, ##19, 30]  In a series of subsequent orders, Adams County District Court Judge Jeffrey A. Smith dismissed the claims against Defendants Sando, Simon, the CSP, the CCPD and the ACSD.  [##45-3; 45-5; 45-5; 55-4; 58-9]

Undeterred, on July 7, 2021, Plaintiff initiated the instant lawsuit.  [#1]  The operative First Amended Complaint is nearly identical to the original complaint from the First Lawsuit and asserts the same nine causes of action against Troopers Sando and Simon, the CSP, Commerce City, Sheriff Reigenborn, and 20 Doe Defendants.  [#44]  The named Defendants have each moved to dismiss the Complaint.  [##45, 55, 58]  Commerce City has also moved for sanctions pursuant to Federal Rule of Civil Procedure 11.  [#59]  Plaintiff has responded to the CSP Motion and the Reigenborn Motion [##47, 57], and the CSP Defendants and Sheriff Reigenborn have each replied [##49, 61].

4

Plaintiff failed to file a timely response to either the Commerce City Motion or the Sanctions Motion.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 909, 909 (10th Cir. 1973).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the

5

scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The Court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III.    ANALYSIS

### A.    The CSP Motion

Through the CSP Motion, the CSP Defendants seek an Order dismissing all claims against them.  [#45]  The CSP Defendants make three arguments in support of dismissal. First, they argue that Plaintiff has failed to effect service on them.  [*Id.* at 5-6]  Next, they argue that the Court lacks subject matter jurisdiction.  [*Id.* at 6-10]  Finally, they argue that Plaintiff has failed to state a claim for relief.  [*Id.* at 10-16]  The Court agrees that Plaintiff has failed to demonstrate effective service on the CSP Defendants.

Defendants argue that Plaintiff's service on Troopers Simon and Sando was ineffective, and that Plaintiff has failed to even file a certificate of service for the CSP. [#45 at 5-6]  "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because the instant action was filed on July 7, 2021, Plaintiff was required to serve Defendants by October 5, 2021.[5]

Plaintiff bears the burden of establishing the validity of the service of process. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  Plaintiff has never filed a certificate of service for the CSP, despite the CSP Defendants identifying this deficiency in two separate motions to dismiss.  [##14 at 4-5; 45 at 5-6]  By not filing a certificate of service or otherwise adequately explaining how Plaintiff effected service on the CSP,[6] Plaintiff has failed to satisfy his burden of establishing effective service on the CSP.

With respect to Troopers Simon and Sando, Plaintiff's certificate of service indicates that these individuals were served by leaving a copy of the original Complaint with a clerk at the Adams County Sheriff's Department (Trooper Simon) [#9] and with a clerk at the Colorado State Patrol Commerce City Police Department (Trooper Sando) [#8].  Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   And Colorado Rule of Civil Procedure

---

[5] Troopers Sando and Simon, the CSP, the Adams County Sheriff's Department, and the Commerce City Police Department were all named in the original complaint.  [#1]  Even if the Court applies the May 5, 2022 date that Plaintiff filed the currently operative First Amended Complaint [#44], Plaintiff was still required to serve Defendants by August 3, 2022.

[6] The court addresses Plaintiff's waiver of service argument below.

4(e)(1) permits service to be made "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent."  The problem, however, is that both Troopers Simon and Sando have submitted affidavits stating that they had left the CSP by the time Plaintiff provided the summons to the clerks at the Adams County Sheriff's Department and the CSP.  [##45-6, 45-7]  Thus, Plaintiff has failed to satisfy his burden of establishing that service was properly made at either Trooper Simon's or Trooper Sando's usual workplace.

In response, Plaintiff merely argues that counsel for CSP "agreed to service in this action."  [#47 at 2]  Plaintiff did not submit an affidavit or other evidence—such as an email or other document—to support this statement, and defense counsel disputes that she offered to accept service for the CSP Defendants.  [#49 at 2]  Rather, defense counsel states that she had agreed to waive service in the First Lawsuit, but not in the instant matter.[7]  [*Id.*]  Plaintiff has thus failed to demonstrate that the CSP Defendants waived service in the instant action.

Where a plaintiff fails to serve within the ninety days provided by Rule 4(m), a district court must extend the deadline upon a showing of good cause.  *Staples v. United States*, 762 F. App'x 525, 530 (10th Cir. 2019).  Here, Plaintiff has not argued for an extension of time to serve the CSP Defendants, let alone provided good cause for such an extension.  [#47]  Nor does the Court believe Plaintiff could provide good cause.  "[I]nadvertance or negligence alone do not constitute 'good cause' for failure of timely

---

[7] Plaintiff's response conflates the two matters in other places.  [*See*, *e.g.*, #47 at 4 (stating that "Plaintiff's Claims were timely filed his [sic] action on August 6, 2020")]

service.  Mistake of counsel or ignorance of the rules also usually do not suffice."  *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).   Plaintiff's ineffective service on the CSP Defendants appears to be based entirely upon counsel's ignorance of the rules of service and her mistaken assumptions of Trooper Simon's and Trooper Sando's usual workplaces.  And given that this matter has been pending for fifteen months and service issues were first raised in December 2021 [#14] and have been discussed extensively at prior status conferences [## 22, 30], the Court would not find good cause to extend the deadline for service even had Plaintiff requested such an extension.

Because Plaintiff has failed to establish good cause to extend the deadline to serve the CSP Defendants, the Court has discretion in deciding whether to dismiss the suit against them.  *Staples*, 762 F. App'x at 530.  Ordinarily, the Court would not recommend dismissal of an action for failure to timely serve.  This case is unique.  As indicated above, the case has been pending for fifteen months.  Plaintiff has been on notice of his service deficiencies and the matter has been discussed at prior status conferences.  Moreover, Plaintiff has been engaged in procedural gamesmanship.  Plaintiff initially brought this matter in state court, dismissed his federal claims when the matter was removed to federal court, lost on those state claims in state court, and has now attempted to revive all claims (including the state claims dismissed in state court) through the instant action.

The Court recognizes that any refiling of the Section 1983 claims will be barred by the statute of limitations.  Ordinarily, this fact would weigh against the dismissal of the instant action.  *Espinosa v. United States*, 52 F.3d 838, 842 (10th Cir. 1995).  But the

9

instant claims are already barred by the statute of limitations since Plaintiff brought this suit nearly three years after the incident in question.[8]

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting under color of state law." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004) (quoting 42 U.S.C. § 1983). Because Section 1983 does not contain a statute of limitations, courts look to the corresponding state statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 236 (1989). "'[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued,' unless this period is equitably tolled." *Romero v. Lander*, 461 F. App'x 661, 666 (10th Cir. 2012) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)) (citation omitted); *see also* Colo. Rev. Stat. § 13-80-102(1)(g) (establishing a two-year statute of limitations for "[a]ll actions

---

[8] The CSP Defendants have likewise moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the matter as barred by the statute of limitations. [#45 at 11-12] But the CSP Defendants have made facially valid arguments under Federal Rule of Civil Procedure 12(b)(1) challenging this Court's subject matter jurisdiction [*id.* at 6-10], and the Court would need to address its own subject matter jurisdiction before turning to Defendant's Rule 12(b)(6) arguments. *Kenney v. Helix TCS, Inc.*, 284 F. Supp. 3d 1186, 1189 (D. Colo. 2018) ("Where, as here, a defendant seeks dismissal under Rule 12(b)(1) and Rule 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." (quotation omitted)). Thus, the Court addresses the statute of limitations issue in the context of determining whether to recommend dismissal of the action due to Plaintiff's improper service of process, an issue that also affects the Court's jurisdiction. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. [S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quotation omitted)).

upon liability created by a federal statute where no period of limitation is provided in said federal statute").

While Colorado law governs the two-year statute of limitations for § 1983 actions, the Court determines when the cause of action accrues under federal law. *Romero*, 461 F. App'x at 666. As the Tenth Circuit has explained:

> In general, under the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action. In particular, a civil rights action accrues when facts that would support a cause of action are or should be apparent.

*Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (citations and quotations omitted); *see also Romero*, 461 F. App'x at 666. Accordingly, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). The focus, instead, is "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

Here, the Complaint makes clear that Troopers Sando and Simon "slammed [Plaintiff's] head into a police car . . . [and] beat and physically attack[ed] [him] . . . on August 7, 2018." [#44 at 2-3] The Complaint further makes clear that the "beating and slamming caused immense physical injuries to the Plaintiff which required *immediate* medical treatment." [*Id.* (emphasis added)] Thus, Plaintiff's "injuries and the general cause of those injuries were obvious in the aftermath of the [incident]. To start the running of the statute of limitations, [Tenth Circuit] case law requires nothing more." *Alexander*, 382 F.3d at 1216. Accordingly, Plaintiff needed to file his Section 1983 claims by August 7, 2020, and his July 7, 2021 filing of the instant action was untimely.

In response to the CSP Defendants' argument that Plaintiff's claims are barred by the statute of limitations, Plaintiff argues that his claims "were timely filed his [sic] action on August 6, 2020 less than 2 years after the incident involved."  [#47 at 4]  Plaintiff is referencing the date he filed the First Lawsuit.  But Plaintiff dismissed his federal claims in the First Lawsuit to avoid federal jurisdiction, and the state court dismissed his state claims.  The instant matter is a separately filed lawsuit and Plaintiff does not cite any authority for the proposition that his claims in this matter would relate back to his filing of the First Lawsuit.

Though not raised in response to the CSP Defendants' Motion, in response to the Reigenborn Motion, Plaintiff argues that the full extent of his injuries was not known until a year after the incident and thus "the statute of limitations did not began [sic] to run until [Plaintiff] was finally diagnosed with his brain injury."  [#57 at 3]  But the "injury that is the 'basis of action' in a § 1983 claim is the violation of a constitutional right."  *Romero*, 461 F. App'x at 667.  This violation occurred on August 7, 2018, when the CSP Defendants allegedly used excessive force and failed to provide Plaintiff with medical care for that excessive force.  And Plaintiff's argument that the statute should not begin to run until he learned the full extent of his injuries "ignores Tenth Circuit precedent holding that '[a] plaintiff need not know the *full extent* of his injuries before the statute of limitations begins to run.'"  *Id.* (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (emphasis added in *Romero*)).

Thus, the Court concludes that Plaintiff failed to properly serve the CSP Defendants.  The Court further concludes that Plaintiff failed to assert, let alone establish, good cause for an extension of the deadline to serve the CSP Defendants.  Finally, the

Court finds that this case presents the rare case where the exercise of discretion justifies dismissing the claims against the CSP Defendants for Plaintiff's failure to timely serve them with process. Accordingly, the Court respectfully RECOMMENDS that the CSP Motion be GRANTED and that the claims against the CSP Defendants be DISMISSED WITHOUT PREJUDICE. Fed. R. Civ. P. 4(m) (providing that dismissal for failing to serve within ninety days must be a dismissal without prejudice).

### B. The Reigenborn Motion

Sheriff Reigenborn makes four arguments in support of dismissal of the claims against him. [#55] First, he argues that Plaintiff did not properly serve him. [*Id.* at 6-7] Next, he argues that Plaintiff's claims are barred by the statute of limitations. [*Id.* at 7-9] Next, he argues that Plaintiff has failed to state a plausible claim. [*Id.* at 9-11] Finally, he argues that he is entitled to qualified immunity on Plaintiff's claims. [*Id.* at 11-13] The Court concludes that Plaintiff has failed to satisfy his burden of establishing that he properly served Sheriff Reigenborn and thus does not address Sheriff Reigenborn's alternative arguments.

Once again, Plaintiff bears the burden of establishing the validity of the service of process. *Oaklawn Apartments*, 959 F.2d at 174. Plaintiff's proof of service on Sheriff Reigenborn indicates that he was served personally. [#52] But, Sheriff Reigenborn has submitted an affidavit from Karen Larson, the Concealed Handgun Permit Coordinator for the Adams County Sheriff's Office. [#55-1] In her affidavit, Ms. Larson testifies that Plaintiff's process server approached her, not Sheriff Reigenborn. [*Id.* at ¶ 3] Ms. Larson explained that she was not authorized to accept service for Sheriff Reigenborn and identified the individuals who were authorized to accept process. [*Id.* at ¶ 4] Rather than

13

attempting to serve those individuals, the process server simply slid the manila envelope through the concealed handgun permit window.  [*Id.* at ¶ 5]

Plaintiff's response does not dispute Ms. Larson's version of events.  [#57 at 2]  Instead, Plaintiff merely maintains that "[i]n Colorado service of the Sherriff is proper at his office and can be left with an individual who works at the office pursuant to the Colorado Rules of Civil Procedure Rule 4."  [*Id.*]  But Plaintiff fails to cite the particular provision of Rule 4 upon which he relies [*id.*], and the Court cannot identify any particular provision that Plaintiff has satisfied.  Colorado Rule of Civil Procedure 4(e)(7) provides that service upon a county[9] may be effectuated by delivering a copy of service "to the county clerk, chief deputy, or county commissioner," but Plaintiff has not served any of those individuals.  Colorado Rule of Civil Procedure 5(e)(12) provides that service upon a county may also be effectuated by delivering a copy of service "to any designee authorized to accept service of process for [the county]," but Ms. Larson has testified that she is not authorized to accept service for the Adams County Sheriff.  And, finally, Colorado Rule of Civil Procedure 4(e)(1) permits service to be made "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent," but Plaintiff has not argued that Ms. Larsen, as the Chief Handgun Permit Coordinator, falls within the scope of Rule 4(e)(1).  Thus, the Court concludes that Plaintiff has failed to satisfy his burden of proof with respect to service on Sheriff Reigenborn.

---

[9] Plaintiff sues Sheriff Reigenborn in his official capacity.  [#44]  "Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent."  *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).

As with the CSP Defendants, Plaintiff has neither sought an extension of time to effectuate service on Sheriff Reigenborn nor established good cause to do so.  And for the reasons outlined above—namely, the delay in serving despite Plaintiff having been notified of the service problems, Plaintiff's procedural gamesmanship, and the fact that the instant matter is barred by the statute of limitations—the Court believes that the discretionary factors support a dismissal of this action for failure to timely serve Sheriff Reigenborn.  Accordingly, the Court respectfully RECOMMENDS that the Reigenborn Motion be GRANTED and that the claims against Sheriff Reigenborn be DISMISSED WITHOUT PREJUDICE.  Fed. R. Civ. P. 4(m) (providing that dismissal for failing to serve within ninety days must be a dismissal without prejudice).

### C.    The Commerce City Motion

Commerce City makes six arguments in support of dismissal.  [#58]  First, Commerce City argues that Plaintiff has failed to properly serve the city.  [Id. at 8-11].  Second, Commerce City argues that Plaintiff's claims are barred by the statute of limitations.  [*Id.* at 11-12]  Third, Commerce City argues that Plaintiff's claims are barred pursuant to the doctrine of issue preclusion.  [*Id.* at 12-13]  Fourth, Commerce City maintains that Plaintiff's claims pursuant to Colorado Revised Statute 13-21-131 fail because that statute was passed after the events leading to this litigation and the statute does not have retroactive application.  [*Id.* at 13-17]  Fifth, Commerce City maintains that Plaintiff's claims pursuant to Colorado Revised Statute 13-21-131 fail because that statute does not apply to a municipality.  [*Id.* at 18-21]  Finally, Commerce City maintains that Plaintiff has failed to plead a plausible claim against the city.  [*Id.* at 21-24]  Because the

Court agrees that Plaintiff has failed to satisfy his burden of establishing service on Commerce City, the Court does not address Commerce City's remaining arguments.

Plaintiff's proof of service on Commerce City indicates that service was made at "the person's usual place of abode or workplace." [#20] The affidavit[10] accompanying the proof of service indicates that the process server "arrived at the Commerce City Civic Center" and an unknown individual sitting at the entrance walked the process server to the police department. [#20-1] The process server "talked to someone at the window" who indicated that another individual would assist the process server. [*Id.*] The process server then handed "the folder with all the documents" to "[a] different lady" who indicated that she would not be able to accept the documents because "the names listed on the papers were not employed by them." [*Id.*] When this unidentified female was informed by the process server that it was related to a civil matter, the unidentified female stated that "they d[id] not accept any [c]ivil matters" and that she therefore would not accept the documents. [*Id.*] The process server apparently left the documents anyway and considered service to have occurred. [*Id.*; *see also* #20]

Commerce City has submitted an affidavit from Kiana Jodell, the Executive Administrative Supervisor for the Commerce City Police Department ("CCPD"). [#58-12] Ms. Jodell explained that she was the "different lady" who interacted with Plaintiff's process server. [*Id.* at ¶ 2] Ms. Jodell explained that upon opening the manilla folder provided by the process server, she noticed a civil subpoena/summons. [*Id.* at ¶ 6] She indicated that she noticed that the names on the summons were not members of the

---

[10] The "affidavit" is not under oath.

CCPD.  [*Id.* at ¶ 7]  She asked the process server whether she had meant to go to the CSP, because none of the individuals listed worked for the CCPD.  [*Id.* at ¶ 8]  Ms. Jodell further explained that she would not accept the subpoena/summons because it was not for a CCPD employee.  [*Id.* at ¶ 11]  The process server made a call to an unknown individual, and after completing the call, the process server told Ms. Jodell that she was being instructed to leave the subpoena/summons with Ms. Jodell.[11]  [*Id.* at ¶ 12]  Plaintiff did not bother to respond to the Commerce City Motion, and thus did not contest Ms. Jodell's sworn affidavit.

Plaintiff's attempt to serve Commerce City by serving the Executive Administrative Supervisor for the CCPD fails.  Federal Rule of Civil Procedure 4(j)(2) provides that a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Colorado Rule of Civil Procedure 4(e)(6) provides that service upon a municipal corporation must be made "by delivering a copy [of service] thereof to the mayor, city manager, clerk, or deputy clerk."  Thus, under either federal or state law, the Executive Administrative Supervisor for a city police department is not the proper person to serve

---

[11] It appears that Plaintiff may have also tried to serve the Commerce City Clerk, Dylan Gibson.  [#54-1]  Plaintiff has not filed a proof of service with respect to his attempt to serve the City Clerk.  And, in any event, Mr. Gibson testified that he was only provided a copy of the summons and not a copy of the Complaint.  [*Id.* at ¶ 4]  Because Plaintiff failed to include a copy of the Complaint with the summons, Plaintiff's attempted service on the Commerce City Clerk was deficient.  Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.")

when attempting to serve a municipality.  And while Colorado Rule of Civil Procedure 4(e)(12) allows service to also be made on any "person authorized by appointment or law to receive service of process for [the municipality]," Plaintiff has failed to demonstrate that the Executive Administrative Supervisor for the CCPD is authorized to accept service for Commerce City.  Thus, Plaintiff has failed to satisfy his burden of establishing proper service on Commerce City.  *Oaklawn Apartments*, 959 F.2d at 174.

As with the CSP Defendants and Sheriff Reigenborn, Plaintiff has neither sought an extension of time to effectuate service on Commerce City nor established good cause to do so.  And for the reasons outlined above—namely, the delay in serving despite Plaintiff having been notified of the service problems, Plaintiff's procedural gamesmanship, and the fact that the instant matter is barred by the statute of limitations—the Court believes that the discretionary factors support a dismissal of this action for failure to timely serve Commerce City.  Accordingly, the Court respectfully RECOMMENDS that the Commerce City Motion be GRANTED and that the claims against Commerce City be DISMISSED WITHOUT PREJUDICE.  Fed. R. Civ. P. 4(m) (providing that dismissal for failing to serve within ninety days must be a dismissal without prejudice).

### D.    The Sanctions Motion

Through the Sanctions Motion, Commerce City seeks its attorneys' fees pursuant to Federal Rule of Civil Procedure 11.[12]  Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

---

[12] Shockingly, Plaintiff's counsel did not bother to respond to the Sanctions Motion.

information, and belief, formed after an inquiry reasonable under the circumstances:

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If the Court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am. ("Dodd")*, 935 F.2d 1152, 1155 (10th Cir. 1991); *see also Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (explaining that the court "evaluate[s] [an attorney's] conduct under a standard of objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document" (quotation omitted)).  A showing of bad faith thus is not required.  *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990)  ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.").  In ruling on a motion for sanctions pursuant to Rule 11(c), "the court

may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ. P. 11(c)(2).

The Tenth Circuit has "specifically held that proper application of Rule 11 requires evaluating claims individually for sanctions purposes." *Kearney v. Dimanna*, 195 F. App'x 717, 723 (10th Cir. 2006) (citing *Dodd*, 935 F.2d at 1158).  As a result, "[e]ach claim must be individually evaluated and the merit, or potential merit, of one legal claim does not diminish the command of Rule 11 that each claim have the necessary legal support." *Id.* (emphasis omitted).  "The presence of a single frivolous or groundless claim, however, may not always mandate Rule 11 sanctions," such as where a frivolous claim can be "easily disposed of by the opposing party." *Dodd*, 935 F.2d at 1158.

Here, each of Plaintiff's nine claims were asserted against Commerce City.  [#44]  In addition to the service and statute of limitations problems analyzed above, each of the claims asserted against Commerce City are patently frivolous.  Troopers Sando and Simon were employed by the CSP [*id.* at ¶¶ 6-7] and, aside from a conclusory allegation that "Defendants [CSP], Commerce City, and Adam[s] County employed, supervised and assisted" Troopers Sando and Simon [*id.* at ¶ 11], there are absolutely no allegations detailing what, if anything, Commerce City did that could give rise to its liability.  Indeed, the only other reference to Commerce City states "Defendant Commerce City is a governmental agency of the State of Colorado for enforcing the Criminal Law Defendant."[13]  [*Id.* at ¶ 7]  The Court simply has no idea why Commerce City was named

---

[13] The Court has no idea who the "Criminal Law Defendant" is as that individual/entity is not identified anywhere else in the Complaint.

as a Defendant in this action.[14]   Under these circumstances, no "reasonable and competent attorney would believe in the merit" of any of Plaintiff's claims against Commerce City.   *Dodd*, 935 F.2d at 1155.   Accordingly, the Court respectfully RECOMMENDS that the Sanctions Motion be GRANTED.

## IV.   CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS**:

(1) The CSP Defendants' Motion to Dismiss First Amended Complaint and Demand for Jury Trial [#45] be **GRANTED**;

(2) Defendant Adams County Sheriff, Richard A. Reigenborn's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) & (6) [#55] be **GRANTED**;

(3) Defendant City of Commerce City's Motion to Dismiss Plaintiff's First Amended Complaint and Demand for Jury Trial Pursuant to Fed. R. Civ. P. 12(b)(4)-(6) [#58] be **GRANTED**;

(4) Plaintiff's First Amended Complaint be **DISMISSED WITHOUT PREJUDICE**;[15]

(5) Defendant City of Commerce City's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(b) be **GRANTED**; and

(6) If this Recommendation is adopted, on or before 21 days of the adoption of this Recommendation, Commerce City shall file an affidavit complying with

---

[14] Indeed, it appears that both the State District Court and the Colorado Court of Appeals awarded costs and attorneys' fees to Commerce City in the First Lawsuit.  [#59 at 10-11]
[15] Plaintiff has neither named nor served the Doe Defendants and more than ninety days has passed since the filing of the Amended Complaint.  Thus, the claims against the Doe Defendants are also properly dismissed.  Fed. R. Civ. P. 4(m).

D.C.COLO.LCivR 54.3 documenting the fees and costs incurred in this action.[16]

DATED:  October 5, 2022                    BY THE COURT:


                                           s/Scott T. Varholak
                                           United States Magistrate Judge

---

[16] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).