IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01840-CNS-STV

VINCENT DAMON DITIRRO,

    Plaintiff,

v.

MATTHEW J. SANDO, Trooper,
CALEB SIMON, Trooper,
COLORADO STATE PATROL,
CITY OF COMMERCE CITY,
RICHARD A. REIGENBORN, Adams County Sheriff, in his official capacity,
DOE DEFENDANTS INDIVIDUAL 1 TO 10, and
DOE DEFENDANTS AGENCY OF THE COLORADO STATE OR LOCAL GOVERNMENTS 11-20,

    Defendants.

## ORDER

Before the Court is the Recommendation by Magistrate Judge Varholak issued on October 5, 2022. (ECF No. 62). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

The parties were advised that they had fourteen days, after being served with a copy of the Recommendation, to file written objections in order to obtain reconsideration by the District Judge assigned to the case. *See* Fed. R. Civ. P. 72(b). Neither party has filed an objection to Magistrate Judge Varholak's Recommendation.

1

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's failure to file such written objections may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

After reviewing all the relevant pleadings, briefs, attachments, and legal authority, the Court concludes that Magistrate Judge Varholak's analyses were thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the face of the record. The Court agrees with Judge Varholak that dismissal without prejudice of Mr. Ditirro's claims against the Colorado State Patrol ("CSP"), CSP Trooper Matthew J. Sando, CSP Trooper Caleb Simon, Adams County Sheriff Richard A. Reigenborn, and the City of Commerce City is appropriate because Mr. Ditirro has failed to properly or timely serve them (ECF No. 62 at 13, 15, 18).[1] *See also* Fed. R. Civ. P. 4(m). At bottom, the Court agrees with Judge Varholak that Mr. Ditirro has failed to meet his burden of showing service was proper. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). For this reason, the Court lacks jurisdiction over his claims. *See, e.g.*, *Oklahoma Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).

---

[1] The same is true for the Doe Defendants (*See* ECF No. 62 at 21 n.15).

The Court also agrees with Judge Varholak that granting Commerce City's Motions for Sanctions is proper (ECF No. 59). First, as Judge Varholak concluded, all nine of Mr. Ditirro's claims are asserted against Commerce City (*See generally* ECF No. 44). For the reasons Judge Varholak thoroughly discussed—and assessing Mr. Ditirro's Amended Complaint objectively—each of his claims against Commerce County are frivolous (ECF No. 62 at 20). *See also Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991); *Kearney v. Dimanna*, 195 F. App'x 717, 723 (10th Cir. 2006) (concluding courts must evaluate each claim in making sanctions determinations). As such, Mr. Ditirro has violated Federal Rule of Civil Procedure 11(b).

Second, in its Motions for Sanctions, Commerce City requests that the Court impose monetary sanctions against Mr. Ditirro's counsel for the attorneys' fees it has incurred in this federal lawsuit (*See* ECF No. 59 at 13). The Court concludes that monetary sanctions against Mr. Ditirro's counsel are appropriate. Requiring Mr. Ditirro's counsel to pay Commerce City's attorneys' fees is sufficient to deter Mr. Ditirro and his counsel from repeatedly filing frivolous claims—especially since Commerce City has expended significant time and resources litigating this action, filed over a year ago. *See* Fed. R. Civ. P 11(c).[2]

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Varholak's Recommendation as an Order of this Court. (ECF No. 62). Defendants' Motions to Dismiss are GRANTED (ECF Nos. 45, 55, 58). Mr. Ditirro's First Amended Complaint is DISMISSED WITHOUT PREJUDICE (ECF No. 44).

---

[2] The Court also notes that Mr. Ditirro and his counsel have had ample time to respond to Commerce City's Motion for Sanctions. The Motion was filed on August 25, 2022 (ECF No. 59). As Judge Varholak observed, Mr. Ditirro did not file a response brief to Commerce City's motion (ECF No. 62 at 18 n.12). And after Judge Varholak issued his Recommendation, Mr. Ditirro had fourteen days to file written objections with the Court—including objections to Judge Varholak's recommendation that the Court sanction Mr. Ditirro (*Id.* at 22 n.16). This has provided Mr. Ditirro sufficient notice and opportunity to respond to Commerce City's Motion for Sanctions. *Cf.* Fed. R. Civ. P 11(c)(1).

Commerce City's Motions for Sanctions (ECF No. 59) is GRANTED to the extent that the Court SANCTIONS Mr. Ditirro's counsel. Within 21 days of this Order, Commerce City shall file a motion for attorneys' fees pursuant to D.C.COLO.LCivR 54.3. After Commerce City files its motion for attorneys' fees, Mr. Ditirro's counsel shall have 14 days to respond to Commerce City's motion, should she choose to do so. The Court will ultimately impose the monetary sanctions it deems appropriate after the 14-day period for Mr. Ditirro to respond to Commerce City's motion has expired, and the Court has reviewed Commerce City's fee motion and any response thereto.

DATED this 1st day of November 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge