**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-1840-CNS-STV

VINCENT DAMON DITIRRO,

    Plaintiff,

v.

MATTHEW J. SANDO,
CALEB SIMON,
COLORADO STATE PATROL,
CITY OF COMMERCE CITY,
ADAMS COUNTY SHERIFF RICHARD A. REIGENBORN,
DOE DEFENDANTS INDIVIDUAL 1 TO 10, and
DOE DEFENDANTS AGENCY OF THE COLORDADO STATE OR LOCAL
GOVERNMENTS 11-20,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant City of Commerce City's Motion for Attorneys' Fees and Costs (the "Motion") [#65], which has been referred to this Court [#66]. The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has held a hearing on the Motion [#69]. For the following reasons, the Court **RECOMMENDS** the Motion be **GRANTED.**

**I.    BACKGROUND**

    The facts and long-running procedural history of this case are recited in this Court's Recommendation [#62], which has been adopted by Judge Sweeney [#63]. Relevant here, Defendant City of Commerce City ("Commerce City") filed a Motion for Sanctions [#59], which was granted to the extent that it sanctioned Plaintiff's counsel [#63, 3-4].

Judge Sweeney instructed Commerce City to file a motion for attorneys' fees pursuant to D.C.COLO.LCivR 54.3, and permitted Plaintiff's counsel 14 days to respond. [*Id.* at 4]

Commerce City filed this Motion on November 22, 2022, supported by an affidavit of Commerce City's counsel. [##65; 65-1] In further support of the Motion, Commerce City filed an affidavit of Mr. Gordon L. Vaughan, a Colorado attorney who has practiced for more than 42 years and who has a specialized knowledge of attorney fees charged by attorneys in Colorado. [#68, ¶¶ 1-2] Plaintiff did not respond. The Court held a hearing on the Motion on January 17, 2023. [#69] Plaintiff's counsel, who was late to the hearing, had not reviewed the Motion by the time of the hearing, and did not state any objections.[1] [*Id.*] The Court permitted Commerce City to supplement the Motion with the additional fees and costs incurred in preparing the Motion and attending the hearing. [*Id.*] Commerce City filed an amended affidavit on January 23, 2023 reflecting the additional expenses incurred. [#70]

II.   **ANALYSIS**

"When imposing attorney's fees as a sanction under Rule 11, [the Tenth Circuit] ha[s] highlighted four factors for a district court to consider." *King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018). Those factors are: "(1) the reasonableness of the proposed fees, (2) the minimum amount required to deter misconduct, (3) the offender's ability to pay, and (4) 'other factors' as the court sees fit, such as the offending party's history,

---

[1] Plaintiffs counsel stated that her work had been greatly hindered due to medical issues experienced in late November. [#69, 1] But Plaintiff had not filed a motion for extension of the briefing schedule outlined in Judge Sweeney's Order [#63, 4] (which issued on November 1) and has not sought leave to submit a late-filed response to the Motion or Commerce City's supplement. Nor did Plaintiff respond to Commerce City's initial Motion for Sanctions [#59] or object to this Court's Recommendation granting that motion [#62].

experience, and ability; the severity of the violation; and the risk of chilling zealous advocacy." *Id.* (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 684-85 (10th Cir. 1990)).

A. The Reasonableness of the Proposed Fees

"[C]ourts in the Tenth Circuit apply the so-called 'lodestar method' to assess whether a proposed fee request is reasonable." *O'Rourke v. Dominion Voting Sys. Inc.*, 571 F. Supp. 3d 1190, 1195 (D. Colo. 2021) (citing *White*, 908 F.2d at 684), *aff'd*, No. 21-1442, 2022 WL 17588344 (10th Cir. Dec. 13, 2022). The lodestar amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* (quotation omitted); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (same). From there, the reasonableness of hourly rates and hours expended is a question of fact for the trial court. *Walker Group, Inc. v. First Layer Commc'ns, Inc.*, No. 03-cv-01973-PSF-MJW, 2006 WL 8454026, at *1 (D. Colo. Sept. 29, 2006).

Here, Commerce City proposes an amount of $17,141.30, representing the fees and litigation expenses incurred by Commerce City in this action. [#70, 7] Commerce City requests compensation for the work completed by three individuals: Mr. Jonathan Abramson, Ms. Julie Nikolaevskaya, and Ms. Elizabeth Jackson. [*Id.*] The Court finds that both the number of hours expended and the hourly rates for each are reasonable.

The Court begins with Commerce City's proposed hourly rates for these three individuals. As for Mr. Abramson, Commerce City proposes a rate of $210 per hour. [#65, ¶ 16] Mr. Abramson graduated from the University of Denver College of Law in

1996 and has been a partner at the law firm Kissinger & Fellman for over 15 years, with a focus on defending municipalities in civil rights cases. [*Id.*] According to Mr. Vaughan, a reasonable rate for an attorney with Mr. Abramson's experience and education would be in the range of $250-$350 per hour. [#68, ¶ 7] The Court agrees with Mr. Vaughan's assessment that a "rate of $210 per hour is well within the range of a reasonable hourly fee" for Mr. Abramson. [*Id.*]

For Ms. Nikolaevskaya, Commerce City proposes a rate of $190 per hour. [#65, ¶ 16] Ms. Nikolaevskaya earned her Juris Doctor from Indiana University in 2005 and served in the Cook County State Attorney's Office in Chicago, Illinois for over a decade. [*Id.*] During her time as an associate at Kissinger & Fellman, Ms. Nikolaevskaya has represented public sector entities. [*Id.*] According to Mr. Vaughan, a reasonable rate for an attorney with Ms. Nikolaevskaya's experience and education would be in the range of $200-$300 per hour. [#68, ¶ 6] The Court again agrees with Mr. Vaughan's assessment that a "rate of $190 per hour is well within the range of a reasonable hourly fee" for Ms. Nikolaevskaya. [*Id.*]

Finally, for Ms. Jackson, Commerce City proposes a rate of $85 per hour. [#65, ¶ 16] Ms. Jackson has worked for Kissinger & Fellman since 1996, providing paralegal services in a number of areas including public sector law. [*Id.*] According to Mr. Vaughan, a reasonable rate for a litigation paraprofessional with Ms. Jackson's experience would be in the range of $100-$175 per hour. [#68, ¶ 8] Once again, the Court agrees with Mr. Vaughan's assessment that a "rate of $85 per hour is well within the range of a reasonable hourly fee" for Ms. Jackson. [*Id.*]

Next, the Court finds that the number of hours expended by Mr. Abramson, Ms. Nikolaevskaya, and Ms. Jackson in defending Commerce City are reasonable. The time spent by each individual on this lawsuit is documented via a copy of the firm's invoicing in this case, which is based on records that were kept contemporaneously with the work performed. [#70, 7, 9-33] Commerce City first became aware of this lawsuit on January 27, 2022. [*Id.* at 3] Over the past year of litigation, Mr. Abramson and Ms. Nikolaevskaya respectively spent 36.1 and 36 hours on this lawsuit, for a total of 72.1 hours of attorney time. [*Id.* at 7] Ms. Jackson spent 14.9 hours on this lawsuit. [*Id.*] This time included: (1) appearing for two status conferences and a motion hearing [##43; 50; 69]; (2) researching, drafting, reviewing, and filing two motions to dismiss—the first of which [#28] was denied without prejudice due to Plaintiff's filing of an amended complaint [#43], and the second of which [#58] was granted [#63]; (3) preparing and sending a Rule 11 letter to Plaintiff, which received no response [#70, 5]; (4) researching, drafting, reviewing, and filing a motion for Rule 11 sanctions [#59], which was granted [#63]; and (5) preparing and filing this Motion and the accompanying affidavits and exhibits[2] [##65; 68; 70]. After reviewing the docket and the reported time spent litigating this case, the Court finds that the reported hours—which, in total, amount to less than two weeks of attorney time, and less than two days of staff time—are reasonable given the amount of litigation that Commerce City has had to undergo. [*Cf.* #63 at 3 (noting the "significant time and

---

[2] A district court may award expenses incurred in making and defending motions for attorney's fees. *See* Fed. R. Civ. P. 11(c)(4) (permitting sanctions in the amount of "all of the reasonable attorney's fees and other expenses directly resulting from the violation"); *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2018 WL 7141325, at *2 (D. Colo. June 7, 2018) (permitting the recovery of fees under Federal Rule of Civil Procedure 37(a)(5)(A) "for the time spent preparing fee statements and defending awards of attorneys' fees").

resources" that Commerce City has expended litigating this action)]  Because both the rates and the hours provided by Commerce City are reasonable, the Court finds that the proposed amount of $15,687.50[3] in fees is reasonable under the lodestar method.

The Court next considers the expenses incurred by Commerce City in litigating this action.  Rule 11 permits, in appropriate circumstances, the recovery of "the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 4(c)(4); *see also Case*, 157 F.3d at 1257 (explaining that, under a statute that permitted the recovery of "a reasonable attorney's fee," "[r]easonable expenses incurred in representing a client . . . should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate" (citing *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983))).  Commerce City requests the recovery of $1,453.80 in litigation-related expenses incurred during this suit.  [#70, 6]  This includes: PACER research fees, hearing transcript costs, mileage and parking costs for attending a status conference, mailing fees incurred mailing the Rule 11 letter to Plaintiff's counsel, and the expenses paid to Mr. Vaughan for his affidavit regarding the reasonableness of Commerce City's proposed award.  [*Id.*]

First, the research, transcript, mileage, and mailing fees total $104.80.  [*Id.*]  The Court finds that these slim expenses, accrued over the course of a year of litigation, are reasonable. [*See* #68, ¶ 9 (opinion of Mr. Vaughan that "the costs of $104 are reasonable")]  Thus, the Court recommends awarding those expenses.

---

[3] This amount is equal to (210 x 36.1) + (190 x 36.0) + (85 x 14.9), representing the amount of time spent by Mr. Abramson, Ms. Nikolaevskaya, and Ms. Jackson, multiplied by their rates.

For his part, Mr. Vaughan invoiced Commerce City $1,349.00, representing 7.1 hours at a rate of $190 per hour. [#70, 35-38] Applying a similar lodestar analysis as above, the Court finds that this expense is reasonable. Mr. Vaughan has been a practicing attorney for over 42 years, and possesses a specialized knowledge of the attorney fees charged by Colorado attorneys. [#68, ¶¶ 1-2] The time that Mr. Vaughan spent on this matter and the tasks undertaken during that time are recorded in invoices to Commerce City. [#70, 35-38] Over the course of the 7.1 hours logged by Mr. Vaughan, he conferred multiple times with Mr. Abramson, reviewed the relevant docket materials in this case, reviewed this Motion, prepared and executed an affidavit, conducted research regarding recent attorney fee surveys, traveled to the court, and attended the motion hearing on this Motion. [##68, ¶ 5; 70, 35-38] Considering Mr. Vaughan's experience and specialized knowledge, along with the relatively small amount of time spent to complete an affidavit and provide services related to this Motion, the Court finds that expenses of $1,349.00 are reasonable for Mr. Vaughan's services.

In conclusion, the Court finds that Commerce City's total request for $17,141.30, consisting of $15,687.50 in fees and $1,453.80 in litigation expenses, is reasonable. Plaintiff has made no objection to the reasonableness of this amount.

    **B.**    **The Minimum Amount Required to Deter Misconduct**

Rule 11 permits a court to "impose an appropriate sanction" in cases of misconduct. Fed. R. Civ. P. 11(c)(1). "[T]he primary purpose of sanctions [under Rule 11] is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous lawsuit." *White*, 908 F.2d at 684. Thus, the "sanction

imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

In this case, Judge Sweeney has already determined that "monetary sanctions against [Plaintiff's] counsel are appropriate" under the facts of this case, and that "[r]equiring [Plaintiff's] counsel to pay Commerce City's attorneys' fees" would suffice to serve Rule 11's deterrent purpose. [#63 at 3] This Court similarly finds that an award of $17,141.30 does not exceed the minimum amount required to deter the misconduct of Plaintiff's counsel and is appropriate considering the purpose of Rule 11 sanctions.

C.   The Offender's Ability to Pay

"The offender's ability to pay must also be considered, not because it affects the egregiousness of the violation, but because the purpose of monetary sanctions is to deter attorney and litigant misconduct." *White*, 908 F.2d at 685 (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 881 (5th Cir. 1988)). "Inability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status." *Id.*

Here, it is Plaintiff's counsel who is being sanctioned. [#63, 3-4] Plaintiff's counsel has made no objection or other response to Commerce City's Motion for Sanctions [#59], this Court's Recommendation granting the Motion for Sanctions [#62], or the instant Motion for Attorney's Fees [#65]. Accordingly, the Court finds that Plaintiff's counsel has not met her burden to present evidence of an inability to pay Commerce City's reasonable proposed amount of $17,141.30.

### D. Other Factors

Finally, "the court may consider factors such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *White*, 908 F.2d at 685. Here, the Court does not find any "other factors" in this case that weigh against awarding the amount proposed by Commerce City. To the contrary, the claims filed against Commerce City are "patently frivolous" [#62, 20], but have nevertheless required Commerce City to "expend[] significant time and resources litigating this action, filed over a year ago" [#63, 3]. Plaintiff's counsel pursued these frivolous claims in a head-scratching manner—failing to establish proper and timely service on Commerce City despite being on notice of the service deficiencies; failing to engage in conferral with Commerce City regarding the action's deficiencies; and failing to respond to either Commerce City's motion to dismiss, motion for sanctions, or motion for attorney's fees. Indeed, this entire lawsuit is the result of a bizarre example of procedural gamesmanship wherein Plaintiff's counsel initially brought this matter in state court, dismissed the federal claims when a defendant removed the matter to federal court in order to secure a remand, lost on the state claims in state court, unsuccessfully attempted to amend the state-court complaint to re-add the federal claims and remove those claims to federal court, and finally attempted to revive *all* claims (including the state claims dismissed in state court) by filing this federal lawsuit. [*See* ##59-12, 4-5; 62, 9] If ever a case justified an award of fees, this is it. Accordingly, the facts and circumstances of this action support the Court's finding that Commerce City's proposed amount of $17,141.30 is appropriate.

### III.   CONCLUSION

For the reasons stated above, the Court respectfully **RECOMMENDS** that Defendant Commerce City's Motion for Attorneys' Fees and Costs be **GRANTED** and that Defendant Commerce City be **AWARDED** the amount of $17,141.30. [4]

DATED:  February 23, 2023                                    BY THE COURT:

                                                                                    s/Scott T. Varholak
                                                                                    United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).